UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AFFILIATED MANAGERS GROUP, INC.  :   CIVIL ACTION NO.

Petitioner,

v.

FRANK M. NATALE

Respondent.   :   April 1, 2005

---

## AFFILIATED MANAGERS GROUP, INC.'S COMPLAINT AND PETITION TO COMPEL ARBITRATION UNDER FEDERAL ARBITRATION ACT

Petitioner, Affiliated Managers Group, Inc. ("AMG"), by its attorneys, Jackson Lewis LLP, respectfully petitions this Court, pursuant to the Federal Arbitration Act 9, U.S.C. § 4 ("FAA"), to: (a) declare that the Respondent, Frank M. Natale ("Natale"), is required to submit the dispute between the parties to final and binding arbitration currently pending under the auspices of the American Arbitration Association ("AAA") in Boston, Massachusetts and compel Natale to arbitrate the dispute in accordance with their written agreements to arbitrate; (b) enjoin Natale from taking any further action in the case pending in the Court of Common Pleas of Montgomery County, Pennsylvania, Case No. 05-07579 (the "State Court Action"), or any other venue; and (c) stay Natale's pending State Court Action against AMG and others until the arbitration is concluded. In support of this Complaint and Petition, AMG avers as follows:

### Parties

1.     Petitioner, AMG, a Delaware corporation that maintains a principal place of business at 600 Hale Street, Prides Crossing, MA 01965, is an asset management company

with equity investments in mid-sized investment management firms ("Affiliates"), including Rorer Asset Management, LLC ("Rorer").

2. Natale is a citizen of the state of Pennsylvania and resides at 7295 Mill Spring Drive, Ambler, PA 19002.

### Jurisdiction and Venue

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity of citizenship exists between the Petitioner and Respondent and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 and by virtue of the parties' choice of law and consent to jurisdiction provisions as described herein. Venue is also proper under 9 U.S.C. § 4 because, apart from the arbitration agreements, an action with respect to the controversy between the parties could be brought in this district in this Court.

### Facts Compelling Arbitration under Federal Arbitration Act

5. This is a suit pursuant to the Federal Arbitration Act 9 U.S.C. § 4 ("FAA"), to compel arbitration under the parties' written arbitration agreements, which was executed by AMG and Natale, among other parties.

6. On January 6, 1999, Natale executed the Amended and Restated Limited Liability Company Agreement (the "LLC Agreement") with AMG (among others), a copy of the LLC Agreement is attached to the accompanying memorandum of law as Exhibit 1.[1]

7. On January 6, 1999, Natale executed the Non-Solicitation/Non-Disclosure Agreement ("Non-Solicitation Agreement") with AMG (among others), a copy of which is attached as Exhibit 2. In exchange for executing the LLC Agreement and the Non-Solicitation

---

[1] All references to "Exhibits" throughout this Petition are to the corresponding Exhibits attached to the accompanying memorandum of law in support of this petition to compel arbitration.

2

Agreement, Natale received valuable consideration, including but not limited to receiving equity interests in Rorer.

8. Pursuant to Section 11 of the Non-Solicitation Agreement and Section 11.6 of the LLC Agreement, Natale specifically agreed that any claim or controversy arising out of or relating to the Non-Solicitation Agreement and all disputes arising in connection with the LLC Agreement shall be resolved by binding arbitration under the auspices of the American Arbitration Association ("AAA") in Boston, Massachusetts.

9. Pursuant to Section 12 of the Non-Solicitation Agreement, Natale expressly consented to the jurisdiction of the Superior Court of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. Natale further agreed to submit to the personal jurisdiction of such courts; consented to service of process by confirmed facsimile, registered or certified mail, or commercial courier (pursuant to Section 8 of the Non-Solicitation Agreement and Section 11.1 of the LLC Agreement); and waived any other requirement with respect to personal jurisdiction or service of process.

10. On January 14, 2005, AMG initiated an arbitration by filing its Statement of Claim with the AAA against Natale (the "Arbitration"),[2] for his breach of the Non-Solicitation Agreement and LLC Agreement, by accepting a position with Brandywine Asset Management LLC ("Brandywine"), a direct competitor of Rorer and certain other operations of AMG and its affiliates, and by continuing to work for Brandywine in a role where AMG has evidence that Natale is actively and directly soliciting, on behalf of Brandywine, Past, Present and Potential Clients (as described in the Non-Solicitation Agreement and defined in the LLC Agreement) of Rorer. A copy of the Statement of Claim is attached as Exhibit 3.

---

[2] On February 21, 2005, AMG amended its Statement of Claim and demanded monetary relief in the amount of $5,000,000.00.

11. Natale now disputes he is obligated to comply with the terms of the LLC Agreement and the Non-Solicitation Agreement. Despite the previously discussed arbitration provisions of the LLC Agreement and the Non-Solicitation Agreement and contrary to the National Rules for the Resolution of Employment Disputes, on March 1, 2005, Natale filed an "Objection" to AMG's demand for arbitration. A copy of the objection is attached as Exhibit 4.

12. Natale has further refused to participate in the Arbitration and has filed a complaint dated March 7, 2005, alleging claims under state and common law in the Court of Common Pleas in the County of Montgomery, Pennsylvania. A copy of the Complaint is attached as Exhibit 5.

13. On March 11, 2005, the Honorable Thomas M. Del Ricci heard argument on Natale's motion for special injunction, without the benefit of full briefing by the parties and a fair opportunity for AMG to respond, improperly granted Natale's motion for special injunction and entered a limited order staying the Arbitration. Judge Del Ricci's Order provided "the Court finds that the arbitration proceeding that was initiated in the name of AMG or Affiliated Managers Group, Inc. is not within the scope of the agreement because of the name of the entity AMG, who requested the arbitration. And we agree with plaintiff's counsel that to the extent that arbitration is appropriate it must be brought in the name of the parties to the underlying agreement." A copy of that Order is attached hereto as Exhibit 6. The Order explicitly did not prohibit AMG from amending its statement of claim stating "I'm not enjoining you from amending your old one. That's up to you. You can do whatever you want." Exhibit 6, pp. 5-6.

14. On March 15, 2005, as a result of Judge Del Ricci's improper Order, which was based on Judge Del Ricci's erroneous conclusion that AMG was not a proper party to the Non-Solicitation Agreement and disregarded the LLC Agreement and its parallel provisions

4

compelling the Arbitration, AMG filed an Amended Statement of Claim adding Rorer as a party to the Arbitration in an effort to preserve the status quo by proceeding with the Arbitration consistent with the Order. A copy of the Amended Statement of Claim is attached as Exhibit 7.

15. In addition, AMG disputes the validity of the Order and has filed a motion to dissolve the improper Order, which is currently pending in the Montgomery County, Pennsylvania Court of Common Pleas. A copy of the motion to dissolve is attached hereto as Exhibit 8.

16. On March 21, 2005, Natale filed a Petition for Stay seeking an additional order from the Court of Common Pleas for the County of Montgomery, Pennsylvania staying the Arbitration proceeding initiated by AMG as amended by the Amended Statement of Claim. A copy of Natale's Petition for Stay is attached as Exhibit 9.

17. On March 23, 2005, Judge Del Ricci again heard argument on Natale's Petition for Stay and the Motion to Dissolve. Judge Del Ricci reserved decision on both motions and instructed the parties to jointly request a stay of the Arbitration until the pending motions were resolved, since Judge Del Ricci was going on a vacation the following day.

18. Consistent with Judge Del Ricci's instructions, Pennsylvania counsel for AMG and Rorer sent a letter to the AAA, requesting a joint stay of the Arbitration pending the resolution of the Petition to Stay and the Motion to Dissolve Injunction. A copy of the letter to the AAA is attached as Exhibit 10.

19. Notwithstanding Judge Del Ricci's initial instructions, Natale's Pennsylvania counsel sent a letter by facsimile to Judge Del Ricci, objecting to the joint request for stay sent to the AAA, and requesting the Court to enter an order staying the Arbitration. A copy of the letter to Judge Del Ricci is attached as Exhibit 11. Judge Del Ricci then held a

conference call with Natale's Pennsylvania counsel, Stephen G. Yusem, AMG and Rorer's Pennsylvania counsel, Daniel P. O'Meara and the AAA case manager (exclusive of AMG's Arbitration counsel, A. Robert Fischer and Kevin R. Brady). Judge Del Ricci then dictated a letter to Attorney O'Meara for him to send to the AAA, that would keep the matter at a standstill until he returned from vacation. A copy of the final letter to the AAA is attached as Exhibit 12.

20. AMG has been aggrieved by Natale's failure and refusal to participate in the arbitration as initiated by AMG by Statement of Claim filed with the AAA on January 14, 2005, pursuant to the written arbitration agreements of the parties as set forth in the LLC Agreement and the Non-Solicitation Agreement.

21. AMG hereby petitions this Court to compel arbitration in this matter as required under the LLC Agreement and the Non-Solicitation Agreement. See Harris v. Green Tree Financial Corp., 183 F. 3d 173, 179 (3d Cir. 1999) (granting motion to stay and compel arbitration on appeal referring questions regarding enforceability of the terms of the underlying contract to an arbitrator pursuant to section 4 of the FAA).

22. In light of the parties' agreements to arbitrate their dispute arising under the FAA and Natale's agreements to submit this matter to this Court, as set forth in the LLC Agreement and the Non-Solicitation Agreement, AMG submits that the issue of arbitrability would be most efficiently resolved in federal court. See e.g., Central Reserve Life Ins. Co. v. Kiefer, 211 F.R.D. 445 (S.D. Ala. 2002) (granting FAA motion to compel arbitration and to stay related state court proceeding under 28 U.S.C. § 2283.)

WHEREFORE, Petitioner, AMG, respectfully requests that this Court grant its Complaint and Petition to compel arbitration and enter an order:

    a.  declaring that Natale is required to submit the disputes between the parties to final and binding arbitration currently pending under the auspices of the AAA in Boston, Massachusetts as set forth in the Non-Solicitation Agreement and the LLC Agreement;

    b.  enjoining Natale from taking any further action in the case pending in the Court of Common Pleas of Montgomery County, Pennsylvania, or any other venue;

    c.  staying the pending case in the Court of Common Pleas of Montgomery County, Pennsylvania, if necessary;

    d.    awarding costs, expenses and attorney's fees to Petitioner; and

    e.    providing such other additional relief as is just and proper.

Respectfully submitted,

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

Date:

By: _____
Joan Ackerstein BBO #348220
Samia M. Kirmani BBO# 634699
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Tel. (617) 367-0025
Fax (617) 367-2155
Email: kirmanis@jacksonlewis.com
Email: Email: ackerstj@jacksonlewis.com
ITS ATTORNEYS

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

Date:

By: _____
A. Robert Fischer
*Motion For Pro Hac Admission To Be Filed*
JACKSON LEWIS LLP
177 Broad Street, 8th Floor
Stamford, CT 06904-0251
Tel. (203) 961-0404
Fax (203) 324-4704
Email: fischera@jacksonlewis.com
ITS ATTORNEYS

8

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served on this 1st day of April 2005, to counsel of record:

**By Hand Delivery to:**

M. Carolina Avellaneda, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

**By Facsimile and Federal Express Priority Overnight Mail to:**

Stephen G. Yusem, Esquire
Thomas D. Rees, Esquire
High, Swartz, Roberts & Seidel LLP
40 East Airy Street
Norristown, PA 19404

_____
Jackson Lewis, LLP

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)
   AFFILIATED MANAGERS GROUP, INC. v FRANK M. NATALE

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.              for patent, trademark or copyright cases

   ☑  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

   05 CV 10641 MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
   YES ☐    NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐    NO ☑

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐    Central Division ☐    Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☑    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐    N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Joan Ackerstein and Samia M. Kirmani
ADDRESS    JACKSON LEWIS, LLP 75 Park Plaza, 4th Floor, Boston, MA 02116
TELEPHONE NO.    (617) 367-0025

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AFFILIATED MANAGERS GROUP, INC.

(b) County of Residence of First Listed Plaintiff   Essex County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joan Ackerstein and Samia M. Kirmani, JACKSON LEWIS, LLP, 75 Park Plaza, 4th Floor, Boston, MA 02116 (617) 367-0025

## DEFENDANTS
FRANK M. NATALE

County of Residence of First Listed Defendant   Montgomery County, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Caroline Avelbed, GADSBY HANNAH, 225 Franklin Street, Boston, MA 02110 (617) 345-7065

05 10641 MLW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Arbitration Act, 9 U.S.C. § 4; 28 U.S.C. § 1332(a)(1)
Brief description of cause:
Petition to Compel Arbitration

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00 in underlying matter
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 04/01/2005
SIGNATURE OF ATTORNEY OF RECORD: Joan Ackerstein

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____