UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFFILIATED MANAGERS GROUP, INC. | CASE NO. 05 CV 10641(MLW) |
| Petitioner, | |
| v. | |
| FRANK M. NATALE | |
| Respondent. | April 12, 2005 |

**PETITIONER'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR EXPEDITED HEARING**

Pursuant to Local Rule 7.1(b)(3) Petitioner, Affiliated Managers Group, Inc. ("AMG"), by its attorneys Jackson Lewis LLP, respectfully moves for leave to file a reply memorandum of seven pages in length in support of its Motion for Expedited Hearing dated April 8, 2005, which proposed reply is attached hereto as Exhibit A. In support of this Motion, Petitioner states:

1. Respondent's Opposition fails to comply with Local Rule 7.1 (b)(2), in that it fails to "document a memorandum of reasons, including citation of supporting authorities, why the motion should not be granted," as Respondent filed his opposition without a supporting memorandum of law. Instead, the opposition merely contains a few conclusory statements devoid of citations to authority and misleading and/or false "factual" assertions.

2. Respondent seeks to avoid the "summary and speedy disposition of motions or petitions to enforce arbitration clauses" contemplated by the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"), by opposing the hearing mandated by Section 4 of the FAA based on his counsel's vacation of more than two weeks until April 28, 2005.

3. Respondent has failed to demonstrate he is entitled to a jury trial of this matter since he has failed to make a showing that he would be relieved of his contractual obligation to arbitrate if his allegations were true. Moreover, Respondent has failed to produce any evidence to substantiate his allegation he is entitled to a jury trial.

4. Petitioner's reply memorandum may be useful to the Court in scheduling the hearing mandated by Section 4 of the FAA.

5. Petitioner has been and will continue to be prejudiced by additional delay regarding the relief sought in the Petition.

6. Petitioner has been and will continue to be prejudiced should this Court address Respondent's improper references regarding the indispensable parties, abstention and prior pending action doctrines absent the Respondent submitting a supporting memorandum of law and the Petitioner's opportunity to respond thereto.

WHEREFORE, Petitioner, AMG respectfully requests that its Motion for Leave to File a Reply Memorandum be allowed and that the Court accept the proposed reply memorandum submitted herewith for the Court's convenience.

## CERTIFICATE OF CONFERENCE

On April 12, 2005, Samia Kirmani, an attorney of record for Petitioner, conferred with Christopher Weld, Jr., Esq., of Todd & Weld LLP, in good faith but the parties were unable to resolve or narrow the issue of the relief sought in this Motion.

Respectfully submitted,

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

By: /s/ Joan Ackerstein

Joan Ackerstein BBO# 348220
Samia M. Kirmani BBO# 634699
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Tel. (617) 367-0025
Fax (617) 367-2155
Email: ackersteinj@jacksonlewis.com
Email: kirmanis@jacksonlewis.com
ITS ATTORNEYS

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

By: /s/ A. Robert Fischer (by JAA)

A. Robert Fischer
*Motion For Pro Hac Admission Pending*
JACKSON LEWIS LLP
177 Broad Street, 8th Floor
Stamford, CT 06904-0251
Tel. (203) 961-0404
Fax (203) 324-4704
Email: fischera@jacksonlewis.com
ITS ATTORNEYS

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April 2005, a true and complete copy of MOTION FOR LEAVE TO FILE REPLY (and attached Exhibit A) was served via confirmed facsimile and U.S. Mail upon counsel for the Respondent:

J. Owen Todd, Esq.
Todd & Weld, LLP
28 State Street, 31st Floor
Boston, MA 02109

M. Carolina Avellaneda, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110


/s/ Joan Ackerstein
_____
Joan Ackerstein

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFFILIATED MANAGERS GROUP, INC. : | CASE NO. 05 CV 10641(MLW) |
| Petitioner, : | |
| v. : | |
| FRANK M. NATALE : | |
| Respondent. : | April 12, 2005 |

**PETITIONER'S REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR EXPEDITED HEARING**

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"), Petitioner, Affiliated Managers Group, Inc., by its attorneys, Jackson Lewis LLP, respectfully submits this reply memorandum in support of its motion for expedited hearing filed on April 8, 2005. In support of its motion, Petitioner states as follows:

I.  **RESPONDENT'S OPPOSITION FAILS TO COMPLY WITH LOCAL RULE 7.1(b)(2)**

Respondent has failed to comply with the Local Rules, in that, he has failed to file a supporting memorandum of law or cite any supporting authority in his opposition. Local Rule 7.1(b)(2), provides, in relevant part, "[a] party opposing a motion, shall file an opposition to the motion . . . document a memorandum of reasons, including citation of supporting authorities, why the motion should not be granted." In this case, Respondent has filed a two-page opposition, inappropriately referencing the indispensable parties, abstention and prior pending action doctrines without a supporting memorandum of law, factual support or citation to any authority. Notwithstanding Respondent's barren assertions that the motion for expedited hearing should not be granted on jurisdictional grounds, Petitioner has cited authority in its Petition and supporting memorandum of law requiring this Court to compel the parties to arbitration. For

these reasons alone, the Court should disregard Respondent's opposition and schedule an expedited hearing.

## II. RESPONDENT'S OBJECTIONS FAIL AS A MATTER OF LAW

### A. Rorer Asset Management, LLC and Edward C. Rorer & Co., Inc. Are Not Indispensable Parties

Respondent claims, without citing any supporting authority, that "Rorer Asset Management, LLC and Edward C. Rorer Company, Inc. [sic]" are indispensable and necessary parties merely because those entities were signatories to the January 6, 1999 Amended and Restated Limited Liability Company Agreement (the "LLC Agreement") and the January 6, 1999 Non-Solicitation/Non-Disclosure Agreement (the "Non-Solicitation Agreement"), each of which was negotiated and executed in connection with Petitioner's purchase of a majority equity interest in the business of Rorer Asset Management, LLC's predecessor firm, and in connection with the contemporaneous formation of the new operating entity (Rorer Asset Management, LLC) and the equity issuance of partnership interests in that entity to Petitioner, Respondent and the other partners in the new venture. (Respondent's Opposition, p. 1, ¶ 1.) Respondent incorrectly claims "if Edward C. Rorer Company, Inc., a Pennsylvania corporation, had been joined as a party," diversity jurisdiction would be destroyed. Id., ¶ 2. To clarify Respondent's misunderstanding, the correct name of this legal entity at all times during Respondent's employment was "Edward C. Rorer & Co., Inc.", not "Edward C. Rorer Company, Inc.", and this entity was and continues to be a Delaware corporation, not a Pennsylvania corporation as suggested by Respondent.[1] See LLC Agreement, p. 1. Moreover, Edward C. Rorer & Co., Inc.

---

[1] In October 2004, for reasons unrelated to the matters at issue here, and prior to Respondent's termination of his employment with Rorer Asset Management, LLC and the commencement of the claims that have been filed in connection with this Memorandum, this entity's name was duly changed to "AMG Northeast Holdings, Inc." As noted, this entity continues to be a Delaware corporation that is wholly owned by Petitioner and that maintains only one office in Prides Crossing, Massachusetts. (This entity was a Pennsylvania corporation prior to Petitioner's purchase of a majority interest in Rorer Asset Management, LLC's predecessor, and prior to the Respondent's execution of the LLC Agreement and the Non-Solicitation Agreement.)

2

maintains only one office in Prides Crossing, Massachusetts and is a wholly owned subsidiary of Petitioner. As such, these incorrect and conclusory statements, without more, do not deprive this Court of jurisdiction over the Petition, since Petitioner has cited ample authority demonstrating this Court's ability to retain jurisdiction under similar procedural circumstances involving multiple non-diverse defendants. See Petitioner's Memorandum of Law in Support of Complaint and Petition to Compel Arbitration dated April 1, 2005 (hereinafter "Petitioner's Mem. at __"), pp. 12-14.

As described previously, Respondent is a party to both the LLC Agreement and the Non-Solicitation Agreement, yet Respondent has not offered any authority in support of his proposition that this Court lacks jurisdiction over this Petition and has not attempted to distinguish authority cited by Petitioner. Section 3.9 of the LLC Agreement specifically identifies Respondent's non-solicitation and non-disclosure obligations to Petitioner and Petitioner's wholly owned subsidiary that serves as manager member of Rorer Asset Management, LLC. Moreover, the LLC Agreement expressly provides the right to an injunction or other equitable relief to prevent any violation of Respondent's obligations under the LLC Agreement. See LLC Agreement, Section 3.10, p. 27, attached to Petitioner's Mem. as Exhibit 1. The parallel non-solicitation and non-disclosure provisions of the Non-Solicitation Agreement further reinforce Respondent's obligations in this regard. See Petitioner's Mem., Exhibit 2. The LLC Agreement and the Non-Solicitation Agreement neither require Petitioner to be accompanied by other entities in this or any related action under the Agreements, nor prohibit Petitioner from enforcing such rights under the Agreements without another entity's involvement. For these reasons, the Court should disregard Respondent's claim that this Court lacks jurisdiction over this Petition.

### B.     This Court Should Not Defer to the Pennsylvania Action

Respondent claims "[a]n action is pending between the identical parties regarding the identical issue set out in the present case in the Court of Common Pleas in and for the County of Montgomery, Pennsylvania before Judge Thomas M. Del Ricci" (Respondent's Opposition, p. 1, ¶ 3) and asks this Court to abstain from exercising jurisdiction in favor of the Pennsylvania state court action.

At a hearing on April 11, 2005, Judge Del Ricci addressed the fact that Petitioner filed the instant action in the U.S. District Court for the District of Massachusetts. He did not question Petitioner's right to file that action, or to seek the relief Petitioner requested therein. Petitioner does not anticipate any further proceedings in Pennsylvania state court action in the next two weeks.

Petitioner has set forth the appropriate analysis of federal jurisdiction/abstention requiring this Court to maintain jurisdiction under Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) and the four factor test applied in Colorado River Water Conservation District v. United States, 424 U.S. 800, 813 (1976). See Petitioner's Mem., pp. 9-14. Respondent has cited no authority to support his assertion that this Court should abstain from exercising jurisdiction in favor of the Pennsylvania state court. (Respondent's Opposition, p. 2). For these reasons, this Court should disregard Respondent's claim that this Court should apply the abstention doctrine.

### C.     Respondent's Jury Trial Claim is Inappropriate and Irrelevant to the Relief Sought In Petitioner's Motion for Expedited Hearing

Respondent suggests he is entitled to a jury trial in this matter stating "the Respondent, Frank. M. Natale, has claimed a jury trial on the issue of whether there is an agreement to arbitrate with the Petitioner in writing." (Respondent's Opposition, p. 2, ¶ 4.) Not

only is this claim irrelevant to whether the Court should schedule and expedited hearing as mandated under Section 4 of the FAA, but Respondent has failed to produce any evidence to substantiate his allegation he is entitled to a jury trial. See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, 961 F. 2d 1148, 1154 (5th Cir. 1992) (holding the party seeking a jury trial on the issue of arbitrability must "make at least some showing that under prevailing law, he would be relieved of his contractual obligation to arbitrate if his allegations proved to be true. In addition, he must produce at least some evidence to substantiate his factual allegations.")

Section 4 of the FAA provides, in relevant part,

> If the making of the arbitration or the failure, neglect or refusal to perform the same be in issue, the Court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue.

9 U.S.C. § 4. Respondent's claim he is entitled to a jury trial on the issue of the making of the agreement are irrelevant to the scheduling of the mandatory hearing following five-days written notice as set forth under Section 4 of the FAA. Indeed, the making of the agreement is not at issue. Respondent in fact, alleges in Paragraphs 8-9 of his Pennsylvania Verified Complaint that he entered into the agreements as attached to his Verified Complaint. See Verified Complaint, p. 3, ¶¶ 8-9, attached to Petitioner's Mem. as Exhibit 5. For these reasons, this Court should disregard Respondent's claim he is entitled to a jury trial and order an expedited hearing.

### D. Arbitration Should Be Ordered Without Further Delay

In support of his opposition to an expedited hearing, Respondent asserts that at least four months have passed since the alleged competitive employment prior to the initiation of this Petition. (Respondent's Opposition, p. 2.) This claim ignores the fact that Petitioner initiated its Arbitration before the AAA in Boston, Massachusetts on January 14, 2005, soon after

5

Respondent breached his obligations to Petitioner. See Statement of Claim, attached to Petitioner's Mem. as Exhibit 1. Moreover, Respondent's counsel, Attorney Todd indicates he was first engaged by Respondent on April 8, 2005 and will be on vacation for more than two weeks, returning on April 28, 2005. (Respondent's Opposition, p. 2, ¶ 6.)

Notably, Respondent has been represented by Boston counsel, M. Carolina Avellaneda, Esq. of Gadsby Hannah, LLP since February 18, 2005. Ms. Avellaneda, similarly has sought extensions to delay this matter and filed a conclusory and unsupported objection to the Arbitration within days of Respondent filing his Pennsylvania state court action on March 7, 2005. See Letter to AAA, dated February 18, 2005, attached hereto as Exhibit 1; March 1, 2005 Objection to Demand for Arbitration, attached as Exhibit 4 to Petitioner's Mem.; March 7, 2005 Verified Complaint, attached as Exhibit 5 to Petitioner's Mem. Indeed, should the Court allow such a basis to delay a request for an expedited hearing under Section 4 of the FAA, any party could prejudice and delay the rights of another merely by obtaining new counsel on the eve of such a hearing.

Section 4 of the FAA mandates a hearing following five days written notice of the petition to compel arbitration:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of agreement.

9 U.S.C. § 4 (emphasis added). Respondent's assertions that his counsel will be on vacation for over two weeks does not excuse his obligations to appear, or another lawyer from Attorney Todd's law firm, at a hearing on this matter scheduled by the Court in an expedited manner. For these reasons, the Court should disregard Respondent's Opposition and enter an order scheduling an expedited hearing on the Petition.

WHEREFORE, for the reasons stated herein, the Petition and supporting memorandum of law, and the motion for expedited hearing, Petitioner respectfully requests this Court to enter an order scheduling an expedited hearing on the Complaint and Petition to Compel Arbitration dated April 1, 2005.

Respectfully submitted,

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

By:_____
Joan Ackerstein BBO# 348220
Samia M. Kirmani BBO# 634699
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Tel. (617) 367-0025
Fax (617) 367-2155
Email: ackersteinj@jacksonlewis.com
Email: kirmanis@jacksonlewis.com
ITS ATTORNEYS

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

By:_____
A. Robert Fischer
*Motion For Pro Hac Admission Pending*
JACKSON LEWIS LLP
177 Broad Street, 8th Floor
Stamford, CT 06904-0251
Tel. (203) 961-0404
Fax (203) 324-4704
Email: fischera@jacksonlewis.com
ITS ATTORNEYS

7

**EXHIBIT 1**

Case 1:05-cv-10641-MLW    Document 11-2    Filed 04/12/2005    Page 9 of 10

GADSBY HANNAH LLP

Carolina Avellaneda
avellaneda@ghlaw.com

Tel: 617 345 7065
Fax: 617 204 8065

February 18, 2005

VIA FACSIMILE AND US MAIL

Ian A. Wauchope, Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

    Re:    <u>Affiliated Managers Group and Frank Natale</u>

Dear Ian:

    I have just been retained to represent Mr. Natale in this matter. It is my understanding that the current deadline for responding to the Statement of Claim and submitting a list of arbitrators and the conflicts form list is February 22, 2005. Yesterday I contacted Kevin Brady, counsel for Affiliated Managers Group, to request a two week extension in order to get up to speed in this matter. Attorney Brady notified me this afternoon that he will not agree to any extension.

    I am writing to confirm our telephone conversation today and your telephone message to me which granted Mr. Natale a one week extension for responding to the Statement of Claim and submitting a list of arbitrators and the conflict forms list.

    Thank you for your attention to this matter.

Sincerely,

M. Carolina Avellaneda

cc:    Kevin Brady, Esq.

225 Franklin Street
Boston MA 02110

Tel 617 345 7000
Fax 617 345 7050
www.ghlaw.com

B0403088v1