UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFFILIATED MANAGERS GROUP, INC. : | CASE NO. 05 CV 10641(MLW) |
| Petitioner, : | |
| v. : | |
| FRANK M. NATALE : | |
| Respondent. : | April 8, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITIONER'S MOTION FOR EXPEDITED HEARING**

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"), Petitioner, Affiliated Managers Group, Inc. ("AMG"), by its attorneys, Jackson Lewis, LLP, respectfully submits this memorandum of law in support of its Motion for Expedited Hearing. Petitioner moves this Court for an expedited hearing on its Complaint and Petition to Compel Arbitration and supporting memorandum of law dated April 1, 2005 (the "Petition"). Service of this motion following the service of the Complaint and Petition complies with the five-day notice requirement of 9 U.S.C. § 4. In support of this motion, AMG avers as follows:

**I.  FACTUAL BACKGROUND**

On April 1, 2005, AMG served its Petition on Respondent's counsel, M. Carolina Avellaneda by personal service and delivered a copy of the Petition by confirmed facsimile and Federal Express priority overnight mail to Respondent's Pennsylvania counsel, Stephen G. Yusem and Thomas D. Rees. See Complaint and Petition to Compel Arbitration (Doc. #1), Certificate of Service, p, 9. On April 5, 2005, Attorney Avellaneda accepted service on behalf of Respondent. See Waiver of Service, (Doc # 4) attached hereto as Exhibit 1.  In addition, on

April 5, 2005, AMG served Natale with a copy of the Petition by commercial courier, Federal Express priority overnight mail, pursuant to Paragraph 11.1 of the parties' agreement. See Memorandum in Support of Complaint and Petition, (Doc # 2), Exhibit 1, p. 55; Federal Express U.S. Air bill, dated April 4, 2005, attached hereto as Exhibit 2.

## II. ARGUMENT

AMG is entitled to an expedited hearing on its Complaint and Petition to Compel Arbitration under 9 U.S.C. § 4, regardless of the service and notice requirements and corresponding response deadlines under Fed. R. Civ. P. 4 and 12(a). See Union Mutual Stock Life Ins. v. Beneficial Life, 774 F.2d 524 (1st Cir. 1985) ("To hold that . . . the twenty-day response period of Fed. R. Civ. P. 12(a) is incorporated in the Federal Arbitration Act would run contrary to the specific time provisions as set forth by the Act"). In Union Mutual, the petitioner filed an application in the United States District Court for the District of Maine, seeking an order compelling the respondent, Beneficial Life, to arbitrate. See Union Mutual, supra, 774 F. 2d at 525. Ten days after notice of the petition, Union Mutual filed a motion in district court requesting a hearing on the previously filed petition. Id. The next day, the clerk announced that a hearing would be held four days later. Id. On appeal, the First Circuit affirmed the district court's denial of Beneficial Life's motion to dismiss and granted Union Mutual's motion to compel arbitrating holding that the service and notice received by Beneficial Life satisfied the five-day notice requirement under the FAA. Id., at 526. The court noted that the method of service by Union Mutual on Beneficial Life did not act as a waiver of the shorter time requirements of the FAA. Id. Moreover, "[a]s of January 18, therefore, Beneficial was on notice that a hearing on the order compelling arbitration could be held by the district court at anytime after January 23. As the magistrate correctly noted, the filing of a motion by Union Mutual on

January 28 to bring on the hearing does not alter the service and notice already received by Beneficial." Id.

In this case, AMG has properly served Respondent with notice of the Complaint and Petition to Compel Arbitration under the Federal Rules of Civil Procedure, the notice requirements under the parties' agreement and complied with the five-day notice requirement under 9 U.S.C. § 4. Accordingly, this Court should enter an order for an expedited hearing on the Petition.

## III.   CONCLUSION

WHEREFORE, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, the Petitioner, AMG, respectfully requests this Court to enter an order scheduling an expedited hearing on the Complaint and Petition to Compel Arbitration dated April 1, 2005.

Respectfully submitted,

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

By: /s/ JOAN ACKERSTEIN

Joan Ackerstein BBO# 348220
Samia M. Kirmani BBO# 634699
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Tel. (617) 367-0025
Fax (617) 367-2155
Email: ackersteinj@jacksonlewis.com
Email: kirmanis@jacksonlewis.com
ITS ATTORNEYS

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

By: /s/ A. ROBERT FISCHER

A. Robert Fischer
*Motion For Pro Hac Admission Pending*
JACKSON LEWIS LLP
177 Broad Street, 8th Floor
Stamford, CT 06904-0251
Tel. (203) 961-0404
Fax (203) 324-4704
Email: fischera@jacksonlewis.com
ITS ATTORNEYS

4

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 8th day of April 2005, a true and complete copy of the above document was served via confirmed facsimile and U.S. Mail upon counsel for the Respondent:

       M. Carolina Avellaneda, Esq.
       Gadsby Hannah, LLP
       225 Franklin Street
       Boston, MA 02110

       /s/ Samia M. Kirmani

       Samia M. Kirmani

# **EXHIBIT 1**

AO 399 (Rev. 10/95)

# 05cv10641MLW

## WAIVER OF SERVICE OF SUMMONS

TO: _Simia M. Kirmani and Joan Ackerstein_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _Frank M. Natale,_ Through my attorney, M. Carolina Avellaneda, , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _Affiliated Managers Group, Inc. v. Frank M. Natale_,
(CAPTION OF ACTION)

which is case number _05-CV-10641 MLW_ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _Massachusetts_ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _4/1/05_ ,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_4.5.05_                _M Carolina Avellaneda_
(DATE)                   (SIGNATURE)

Printed/Typed Name: _M. Carolina Avellaneda_

As _Attorney_ of _for Frank Natale_
(TITLE)                (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**EXHIBIT 2**

FedEx US Airbill

FedEx Tracking Number: 8467 3085 9856

**1 From**
Date: 4/4/05
Sender's FedEx Account Number: 1548-0809-4
Sender's Name: A. Robert Fischer
Phone: (203) 961-0404
Company: JACKSON LEWIS LLP
Address: 177 BROAD ST STE 8
City: STAMFORD    State: CT    ZIP: 06901-5003

**2 Your Internal Billing Reference**
OPTIONAL

**3 To**
Recipient's Name: Frank M. Natale
Phone: (215) 628-0983
Company:
Recipient's Address: 7295 Mill Spring Drive
City: Ambler    State: PA    ZIP: 19002

**4a Express Package Service**
[X] FedEx Priority Overnight
[ ] FedEx Standard Overnight
[ ] FedEx First Overnight
[ ] FedEx 2Day
[ ] FedEx Express Saver

**4b Express Freight Service**
[ ] FedEx 1Day Freight
[ ] FedEx 2Day Freight
[ ] FedEx 3Day Freight

**5 Packaging**
[ ] FedEx Envelope
[X] FedEx Pak
[ ] FedEx Box
[ ] FedEx Tube
[ ] Other

**6 Special Handling**
[ ] SATURDAY Delivery
[ ] HOLD Weekday at FedEx Location
[ ] HOLD Saturday at FedEx Location
Does this shipment contain dangerous goods?
[ ] No  [ ] Yes (Shipper's Declaration not required)  [ ] Yes (Shipper's Declaration attached)  [ ] Dry Ice  [ ] Cargo Aircraft Only

**7 Payment** Bill to:
[X] Sender
[ ] Recipient
[ ] Third Party
[ ] Credit Card
[ ] Cash/Check

Total Packages    Total Weight    Total Declared Value: $     .00

**8 Sign to Authorize Delivery Without a Signature**

0277367699

466