UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                      )
AFFILIATED MANAGERS GROUP,            )
INC.,                                 )
                                      )
        PLAINTIFF,                    )
                                      )
V.                                    )        CIVIL ACTION NO. 05-CV-10641 (MLW)
                                      )
FRANK M. NATALE                       )
                                      )
        DEFENDANT.                    )
_____ )
```

### DEFENDANT FRANK M. NATALE'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 12(B)(7)

i.    Introduction

Pursuant to Federal Rule Civil Procedure 12(b)(7), the Defendant Frank M. Natale ("Mr. Natale") seeks dismissal of this action for failure to name indispensable parties. The plaintiff has brought this action seeking to enforce an arbitration provision contained in a "Non-Solicitation and Non-Disclosure Agreement" (the "Agreement"), incidental to employment. *See* Exhibit 2 to Plaintiff's Complaint. On the face of the Agreement, in addition to Mr. Natale, the parties to the Agreement are Rorer Asset Management, LLC ("RAM"), Mr. Natale's employer, and Edward C. Rorer & Company, Inc. ("Rorer"). *Id.*, at p. 1. However, neither of these parties is a plaintiff in this action seeking to compel arbitration. Incredibly, an alleged third party beneficiary of the Agreement, Affiliated Managers Group, Inc. ("AMG") has brought this action without including the actual parties to the Agreement. Clearly, Rorer has been omitted because its inclusion would destroy diversity jurisdiction as both Rorer and Mr. Natale are citizens of Pennsylvania.

One might question why AMG would not seek relief in a court with subject matter jurisdiction with all necessary parties. The answer is clear. AMG seeks to take advantage of the pre-emption power of this Federal Court to avoid the pending action in the Pennsylvania state court between the same parties[1] involving the same issues. AMG has been displeased with the actions of the Pennsylvania state court which has effectively stayed the pending arbitration finding that AMG does not have standing to compel arbitration.[2]

Fortunately, the law does not permit such forum shopping.

ii.    <u>Background</u>

On or about January 6, 1999, Mr. Natale signed the Agreement with Rorer, a Pennsylvania corporation, and RAM, a Delaware limited liability company. *See* Complaint, Ex. 2, p. 1. Mr. Natale is admittedly a citizen of the state of Pennsylvania and resides in Ambler, Pennsylvania. Complaint, ¶ 2.

While AMG apparently now contends that Rover is not a Pennsylvania corporation, it plainly is. *See* Affidavit of Johanna M. Yemm, attached hereto as <u>Exhibit A</u>. Rorer was incorporated in Pennsylvania in 1978 and remains a valid Pennsylvania corporation in good standing. <u>Id</u>. Attached hereto as <u>Exhibit B</u> is document from the Commonwealth of Pennsylvania Department of State certifying that Rorer is "duly incorporated under the

---

[1] In the pending action of *Natale v. Affiliated Managers Group, Inc., et al.*, Court of Common Pleas, Montgomery County, Pennsylvania, C.A. No. 05-07579 (the "Prior Pending Action"), RAM and Rorer, as parties to the Agreement, are also defendants.

[2] In the Prior Pending Action, the Court found on March 11, 2005 as follows:

> After conference with counsel in this matter, the Court finds that the arbitration proceeding that was initiated in the name of AMG or Affiliated Managers Group, Inc. is not within the scope of the agreement because of the name of the entity AMG, who requested arbitration. And we agree with plaintiff's counsel that to the extent that arbitration is appropriate it must be brought in the name of the parties to the underlying agreement.

> *See* Transcript at p. 3, ll. 1-10, attached as <u>Exhibit C</u>.

laws of the Commonwealth of Pennsylvania and remains subsisting" as of April 20, 2005.
Moreover, in the introductory paragraph of the Agreement wherein the parties thereto are
identified, the Agreement specifically states that Rorer is "a Pennsylvania corporation."
*See* Exhibit 2 to Plaintiff's Complaint.

The introductory paragraph of the Agreement also states that the Agreement "is
entered into… by and among [RAM], [Rorer] and Frank M. Natale". *See* Exhibit 2 to
Plaintiff's Complaint. In the Prior Pending Action, AMG has asserted both that it is a
party to the Agreement since it is a signatory and that it is a third party beneficiary with
enforcement rights. *See* Agreement at p. 10 and p. 6, ¶ 9. Paragraph 11 of the Agreement
contains an arbitration provision which AMG seeks to enforce in this forum. *Id.*, p. 6.[3]

On January 14, 2005, AMG filed a Statement of Claim with the American
Arbitration Association alleging that Mr. Natale had violated the terms of the Agreement
by accepting employment with another entity. Complaint, ¶ 10. Mr. Natale maintains that
the Agreement (and the arbitration provision) is unenforceable and, on March 7, 2004,
filed the Prior Pending Action. The Prior Pending Action was brought against AMG, <u>as
well as Rorer and RAM</u>. The Pennsylvania state court complaint describes in detail the

---

[3] Article 11 reads as follows:

> <u>Arbitration of Disputes</u>. Any controversy or claim arising out of or relating to this Agreement or the
> breach hereof shall, to the fullest extent permitted by law, be settled by arbitration in any forum and
> form agreed upon by the parties or, in the absence of such an agreement, under the auspices of the
> American Arbitration Association ("AAA") in Boston, Massachusetts in accordance with the
> Employment Dispute Resolution Rules of the AAA, including, but not limited to, the rules and
> procedures applicable to the selection of arbitrators. In the event that any person or entity other than
> the Employee Stockholder, the LLC or the Company may be a party with regard to any such
> controversy or claim, such controversy or claim shall be submitted to arbitration subject to such
> other person or entity's agreement. Judgment upon the award rendered by the arbitrator may be
> entered in any court having jurisdiction thereof. The parties covenant that they will participate in
> the arbitration in good faith. Each party to such arbitration shall bear its own costs and expenses in
> connection therewith. This Section 11 shall be specifically enforceable. Notwithstanding the sole
> purpose of obtaining a temporary restraining order or a preliminary injunction in circumstances in
> which such relief is appropriate; <u>provided</u> that any other relief shall be pursued through an
> arbitration proceeding pursuant to this Section.

wrongful conduct of Mr. Natale's former employer and the reasons why he departed. A copy of the Pennsylvania state court complaint is attached to the plaintiff's complaint at Exhibit 5.

Dissatisfied with the decisions and orders of the Pennsylvania state court as described in footnote 2 above, on April 1, 2005, AMG initiated this action alleging, again, that Mr. Natale has breached the Agreement and seeking an order compelling arbitration. Complaint, ¶ 10. AMG has not named RAM or Rorer as parties to this action. *See* Complaint.

On April 11, 2005, after hearing, Judge Del Ricci in the Prior Pending Action agreed to reconsider his finding that AMG does not have standing to compel arbitration and the court will schedule a new hearing on the issue.[4]

iii.    <u>Argument</u>

A motion to dismiss under Fed. R. Civ. P. 12(b)(7) is governed by Rule 19 of the Federal Rules of Civil Procedure. Rule 19's practical objective is to attain 'judicial economies of scale' by resolving related disputes in a single lawsuit, while also preventing that single lawsuit from becoming needlessly complex or unending. *Pujol v. Shearson American Express, Inc.*, 877 F.2d 132, 134 (1st Cir. 1989).

A Rule 19 analysis is a two-step process. *Id.* at 134. First, the court must determine whether it is feasible to join the absent parties. *Id.*; *see also* Fed. R. Civ. P. 19(a). The Court must determine whether the absent parties are "necessary". In making its

---

[4]    Also during the April 11, 2005 hearing, Judge Del Ricci made specific findings regarding AMG's pleadings filed <u>in this case</u>. Specifically, Judge Del Ricci found that AMG's "whole pleading [ ] is an attempt to mischaracterize this Court's actions." The state court also found AMG's pleadings presented to this Court to contain "omissions," "mischaracterizations" and "outright inaccuracies." *See* Exhibit A to Natale's Sur-Reply Brief in Opposition to Motion for An Expedited Hearing.

determination, the Court must decide whether considerations of fairness and equity require

that the absent parties be joined. _Id_.  Once a party is deemed necessary under Rule 19(a),

the Court must determine whether the unjoined party is indispensable under Rule 19(b).

_Tell v. Trs. Of Dartmouth Coll_, 145 F.3d 417, 418-19 (1st Cir. 1998).

I.    RORER ASSET MANAGEMENT, LLC AND EDWARD RORER & CO, LLC
      ARE NECESSARY PARTIES PURSUANT TO RULE 19(A)

Under Rule 19(a), a party is necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already
> parties, or (2) the person claims an interest relating to the subject of the action and
> is so situated that the disposition of the action in the person's absence may (i) as a
> practical matter impair or impede the person's ability to protect that interest or (ii)
> leave   any of the persons already parties subject to a substantial risk of incurring
> double, multiple, or otherwise inconsistent obligations by reason of the claimed
> interest.

A party is a necessary if it meets the requirements of either 19(a)(1) or 19(a)(2).

Generally, in breach of contract actions, all parties to the contract are deemed necessary

parties.  _See Acton Co., Inc. of Mass. v. Bachman Foods, Inc._, 668 F.2d 76, 81-82 (1st Cir.

1982) ("an action seeking rescission of contract must be dismissed unless all parties to the

contract, and others having a substantial interest in it, can be joined"); _Pujol v._
_Shearson/American Express, Inc.,_ 877 F.2d 132 (1st Cir. 1989) (noting distinction between

joint tortfeasors and multi-parties to a contract, the former does not require joinder, the

latter does); _H.D. Corp. v. Ford Motors, Inc.,_ 791 F.2d 987, 992-993 (1st Cir. 1986) (auto

dealers sued Ford Motors and a local subsidiary for breach of contract; both dealers and

Ford were Delaware corporation so Ford was dismissed to preserve diversity; entire case

dismissed because Ford was an indispensable party); _Rivera Rojas v. Loewen Group, Int'l,_
_Inc.,_ 178 F.R.D. 356, 362 (D.P.R. 1998) ("A contracting party is the paradigmatic example

of an indispensable party"); _Rashid v. Kite_, 957 F. Supp. 70. 74 (E.D. Pa. 1997)

- 5 -

("Generally, in breach of contract actions, all parties to the contract should be joined); _Travelers Indem. Co. v. Household Int'l, Inc._, 775 F.Supp 518, 527 (D. Conn. 1991); _E&E Inv., Inc. v. Simmons Co._, 169 F.R.D. 467, 471-72 (D. P.R. 1996); _F& M Distributors v. Am. Hardward Supply_, 129 F.R.D. 494, 497-98 (W. D. Pa. 1990).

The suggestion that the parties to the Agreement are not necessary parties to an action involving the enforceability of provisions of the Agreement cannot seriously be advanced in good faith. It would be patently unfair to Mr. Natale and a gross waste of judicial resources if the identical dispute over the enforceability of the same Agreement could be litigated as many as three times in multiple forums. Not only would Mr. Natale be forced to incur substantial costs associated with litigating this dispute three times, but the real possibility exists that three different forums could issue inconsistent rulings. Rorer and RAM are plainly necessary parties to this dispute.

II.     RORER ASSET MANAGEMENT, LLC AND EDWARD RORER & CO, LLC
        ARE INDISPENSABLE PARTIES PURSUANT TO RULE 19(B)

Once a court determines that an unnamed entity is a necessary party under Rule 19(a), the court must then determine whether the party is also an indispensable under 19(b). If a necessary party cannot be joined (e.g. because of lack of diversity jurisdiction), "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable." _Pujol_, 877 F.2d at 134; Fed. R. Civ. P. 19(b). The analysis of whether a party is indispensable is fact specific. _Provident Trademens B& T Co. v. Patterson_, 390 U.S. 102, 118-19 (1968)

In reaching its determination, the court must consider four factors:

> First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Additionally, the Supreme Court has identified four corresponding interests which the rule's four factors promote: (1) the interest of the absent party, (2) the defendant's interest in avoiding inconsistent relief, multiple litigation, or sole responsibility for a liability which it shares with an absent party, (3) the interests of the public and the courts in consistent, complete, and efficient settlement of cases, and (4) the plaintiff's interests in having an appropriate forum. *Provident*, 390 U.S. at 108-111; *H.D. Corp. of Puerto Rico v. Ford Motor Co.*, 791 F.2d 987, 992-93 (1st Cir. 1986).

As noted above, a contracting party is the paradigmatic example of an indispensable party. *See e.g. Rashid v. Kite*, 957 F. Supp. 70. 74 (E.D. Pa. 1997); *E&E*, 169 F.R.D. at 472; *Travelers Indemnity Co. v. Household Int'l Inc.*, 775 F.Supp 518, 527 (D. Conn. 1991) (citing cases). Moreover, when the Court weighs and considers the above identified factors, there is little doubt that dismissal is appropriate here.

First, any judgment rendered in this case would substantially prejudice Mr. Natale. Even if successful (and Mr. Natale is confident he will succeed), he may still face a similar claim of breach of contract and demands for arbitration by the Rorer and/or RAM. Even if Mr. Natale were successful, Rorer and RAM would no doubt argue that they are not bound by any ruling of this Court as they were not parties and not subject to the jurisdiction of this Court.

As to the second factor, there is no "protective provision" in any judgment that could be issued by the Court that would lessen or avoid the prejudice to Mr. Natale if this matter were allowed to proceed. This case turns on the issue of whether the Agreement is enforceable. There is no realistic way to craft a future judgment which protects Mr. Natale against future litigation against other parties over the enforceability of the same Agreement. Permitting this case to continue as presently constituted would not, and could never, achieve a "consistent, complete, and efficient settlement of cases." _Provident_, 390 U.S. at 108-111.

Third, a judgment rendered in the absence of Rorer and RAM would certainly not be adequate as to them assuming Mr. Natale is successful here. Rorer and RAM would no doubt contend that they are not bound by the decision.

Finally, not only does AMG have an adequate remedy if this action is dismissed, the remedy is the Prior Pending Action. Every argument that AMG articulates here has been made in the Pennsylvania state court. In that matter, all necessary parties have been joined. In fact, the court has stated that it will hold a hearing on motions to enjoin and stay the arbitration. This Court is faced with a situation where AMG believes the existing forum is less favorable than this Court which, respectfully, lacks subject matter jurisdiction. Such forum shopping by AMG should not be countenanced.

### iv.     Conclusion

For the foregoing reasons, Frank M. Natale respectfully requests that this matter be dismissed for failure to name indispensable parties.

Respectfully submitted,

FRANK M. NATALE.

By his attorney,


/s/ J. Owen Todd
J. Owen Todd (BBO#499480)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA  02109
(617) 720-2626

Dated: April 20, 2005

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| AFFILIATED MANAGERS GROUP, INC. | : | CIVIL ACTION NO. 05 CV 10641MLW |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| FRANK M. NATALE | : |  |
|  | : |  |
| Respondent. | : |  |

_____

AFFIDAVIT OF JOHANNA M. YEMM

JOHANNA M. YEMM, being duly sworn, deposes and says as follows:

1.      I am a Paralegal at the firm of High, Swartz, Roberts & Seidel, LLP, 40 East Airy Street, Norristown, PA 19404, counsel for Frank M. Natale in Pennsylvania matters.

2.      I make this affidavit in support of the Motion to Dismiss filed by Frank M. Natale in the above-captioned proceeding.

3.      On April 12, 2005, I performed a Website search of the records of the Commonwealth of Pennsylvania, Department of State, Corporation Bureau, for the status report of Edward C. Rorer & Co., Inc. ("Rorer & Co.").

4.      As a result of this search, I received the confirmation that Edward C. Rorer & Co., Inc. was a valid and existing Pennsylvania corporation as of April 12, 2005. A copy of the result of this search is attached hereto as Exhibit "A".

_____
Johanna M. Yemm

Sworn to and subscribed
before me this 15th day
of April 2005.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Polly M. Stewart, Notary Public
Norristown Boro, Montgomery County
My Commission Expires July 3, 2008
Member, Pennsylvania Association Of Notaries

**PENNSYLVANIA**
**Department of State**

PA Keyword     Search

Advanced Search >>

DOS Homepage

# Entity Details

**Request**
- New Request

**Free Search**
- General Name Search
- Old Name Search
- Orphan Search

## Basic Entity Information

| | |
|---|---|
| **Entity Type** | PENNSYLVANIA BUSINESS CORPORATION |
| **Entity Name** | RORER, EDWARD C. & CO., INC. |
| **Entity No.** | 664263 |
| **Filing Date** | 03/16/1978    **Letter of Consent**    No |
| **Address** | 1650 MARKET ST STE 5150 |
| | PHILADELPHIA    Pennsylvania    USA    19103 - 7301 |
| **County** | Philadelphia    **Jurisdiction**    - |
| **Purpose** | BROAD-INVESTMENT ADVISOR |
| **Limited Authority** | No |

## Corporate Officers

| | |
|---|---|
| **Updated Date** | 03/16/1978 |
| **President** | JAMES G HESSER |
| **Secretary** | DIEDRE J BOSTICK |
| **Treasurer** | - |
| **Vice-President** | CLIFFORD B STORMS JR |

## Instrument History

| Doc Type | Microfilm# | Micro# Start | Micro# End | Filing Date | Comm |
|---|---|---|---|---|---|
| ARTICLES OF AMENDMENT-BUSINESS | 9523 | 1576 | 1578 | 04/12/1995 | STK |
| ARTICLES OF AMENDMENT-BUSINESS | 9403 | 1109 | 1111 | 01/06/1994 | STK |
| CHANGE OF REGISTERED OFFICE | 9056 | 429 | 429 | 10/26/1990 | - |
| CHANGE OF REGISTERED OFFICE | 7905 | 828 | 828 | 01/08/1979 | 1800 T GIRARD PHILA PA |
| ARTICLES OF INCORPORATION-BUSINESS | 7811 | 585 | 587 | 03/16/1978 | - |

| Back |
|---|

**EXHIBIT B**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE

April 20, 2005

TO ALL WHOM THESE PRESENTS SHALL COME, GREETING:

I DO HEREBY CERTIFY THAT,

**EDWARD C. RORER & CO., INC.**

is duly incorporated under the laws of the Commonwealth of Pennsylvania and remains subsisting so far as the records of this office show, as of the date herein.



IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Seal of the Secretary's Office to be affixed the day and year above written.

*Pedro C. Cortés*

Secretary of the Commonwealth

phegedus

**EXHIBIT C**

IN THE COURT OF COMMON PLEAS IN AND FOR

THE COUNTY OF MONTGOMERY, PENNSYLVANIA

CIVIL DIVISION

- - -

FRANK M. NATALE                    :    No. 05-07579
                                   :
        vs.                        :
                                   :
AFFILIATED MANAGERS GROUP,         :
INC., RORER ASSET MANAGEMENT,:
LLC, EDWARD C. RORER & CO.,   :
INC.                          :
                                   - - -

Court Order.

- - -

Friday, March 11, 2005
Commencing at 1:30 p.m.

- - -

Courtroom 8
Montgomery County Courthouse
Norristown, Pennsylvania

- - -

BEFORE:  THE HONORABLE THOMAS M. DEL RICCI, JUDGE

- - -

COUNSEL APPEARED AS FOLLOWS:

            THOMAS D. REES, ESQUIRE
             for the Plaintiff

            DANIEL P. O'MEARA, ESQUIRE
             for the Defendant

- - -



1

2                          I N D E X

3   PLAINTIFF'S EVIDENCE

4   Witness              Voir Dire  Direct  Cross  Redr  Recr

5   (None)

6

7   DEFENDANT'S EVIDENCE

8   (None)

9

10                          - - -

11                      E X H I B I T S

12  PLAINTIFF'S

13  Number                   Marked          Rec'd

14  (None)

15                          - - -

16  DEFENDANT'S

17  Number

18  (None)

19                          - - -

20

21

22

23

24

25

1

2                    THE COURT:   After conference

3    with counsel in this matter, the Court finds that the

4    arbitration proceeding that was initiated in the name of

5    AMG or Affiliated Managers Group, Inc. is not within the

6    scope of the agreement because of the name of the entity

7    AMG, who requested the arbitration.  And we agree with

8    plaintiff's counsel that to the extent that arbitration

9    is appropriate it must be brought in the name of the

10   parties to the underlying agreement.

11                    The Court makes no other

12   finding with regard to arbitration and whether

13   arbitration is appropriate and whether the plaintiff is

14   subject to such arbitration or whether AMG can be a

15   party to any other arbitration brought.

16                    Such a determination would be

17   declaratory in nature and the Court will avoid that

18   because nothing has been brought yet.

19                    And we reserve -- the Court

20   reserves all right to make those determinations if and

21   when it is called upon to do so.

22                    So to that limited extent, the

23   arbitration is stayed.  So ordered.

24                    MR. O'MEARA:   Your Honor, may I

25   respectfully -- because Court orders are so important

1

2    and compliance is so important, I'd just like to clarify

3    while we're on the record my understanding of what you

4    said.  The Court's order today --

5                         THE COURT:  I didn't think I

6    needed to be translated, but go right ahead.

7                         MR. O'MEARA:  The Court's order

8    today does not preclude the initiation of an arbitration

9    by Edward C. Rorer and Company or Rorer Asset

10   Management, LLC, nor does it preclude the filing of the

11   amended state of the claim, that would include such

12   entities as the plaintiff in the matter.

13                        THE COURT:  Such a ruling was

14   not requested, so I made no ruling on that issue.

15                        However, it is this Court's

16   assumption that absent some time limitation, affecting

17   such a determination, a new arbitration request would be

18   filed, not an amended arbitration request.

19                        I assume there's no issue with

20   regard to promptness of filing.  But to the extent that

21   you can, I am suggesting that a new arbitration

22   proceeding be filed if you're going to bring a new

23   arbitration proceeding to get around the problem

24   addressed by this Court, not amend your old one.

25                        But I'm not enjoining you from

1

2    amending your old one.  That's up to you.  You can do

3    whatever you want.

4                        MR. O'MEARA:  Very well.  Thank

5    you, your Honor.

6                        THE COURT:  All right.  Then

7    the transcript of this proceeding will serve as the

8    written order of the court.  The parties equally will

9    divide the cost of the transcript.  We're in recess.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2                    C E R T I F I C A T E
3
4                    I hereby certify that the
5      proceedings and evidence are contained fully and
6      accurately in the notes taken by me in the above cause
7      and that this is a correct transcript of the same.
8
9                              _____
10                             CHANEL R. PYATT
11                             Official Court Reporter
12
13
14                       - - -
15
16                             Received and directed to be
17     filed this _____ day of _____, 2005.
18
19
20
21                             _____
22                                             J.
23
24                       - - -
25