```
           UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS

AFFILIATED MANAGERS GROUP, INC.,  )
     Petitioner,                  )
                                  )
     v.                           )   C.A. No. 05-10641-MLW
                                  )
FRANK M. NATALE,                  )
     Respondent                   )
```

ORDER

WOLF, D.J.                                          April 21, 2005

On April 8, 2005, Petitioner Affiliated Managers Group, Inc. ("AMG") filed a motion for an expedited hearing (Docket No. 6) on its Complaint and Petition to Compel Arbitration. The Federal Arbitration Act ("FAA"), 9 U.S.C. §4, provides that a party aggrieved by the alleged refusal of another to arbitrate under a written agreement may petition a federal district court for an order directing that arbitration proceed in the manner provided for in the agreement. See 9 U.S.C. §4

Section 4 requires that a party alleged to be in default of an agreement to arbitrate receive "five days notice in writing of such application." Id. Section 4 does not, however, specify a time within which a court must conduct a hearing, other than to state that if the respondent's obligation to arbitrate is disputed, the "court shall proceed summarily to a trial on that point." Id.; see also Moses H. Cone Memorial Hosp. V. Mercury Const. Corp., 460 U.S. 1, 23 n.27 (1983) (noting that §4 calls for an expeditious hearing).

The court has received Natale's Motion to Dismiss AMG's Petition to Compel Arbitration and his opposition to the Petition.

Accordingly, it is hereby ORDERED that:

1. As §4 provides that a petition to compel arbitration may be resolved by a trial, Natale shall, by April 29, 2005, notify the court whether he proposes to call any witnesses and, if he requests a jury trial, file a memorandum addressing why he is entitled to one. See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1154 (5th Cir. 1992) ("A party to an arbitration agreement cannot obtain a jury trial merely by demanding one . . . The party resisting arbitration bears the burden of showing that he is entitled to a jury trial under §4 of the Arbitration Act."); see also Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F.2d 1191, 1196 (7th Cir. 1987).

2. AMG shall, by May 4, 2005, reply to Natale's submissions and state whether it proposes to call any witnesses if a trial is conducted.

3. A hearing to address Natale's Motion to Dismiss and AMG's Petition to Compel Arbitration, as well as, if justified, a trial to address AMG's Petition to Compel Arbitration, shall be held on May 9, 2005, at 10:00 a.m.

                                              /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE