UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFFILIATED MANAGERS GROUP, INC. | CIVIL ACTION NO. 05 CV 10641-MLW |
| Petitioner, | |
| v. | |
| FRANK M. NATALE | |
| Respondent. | April 28, 2005 |

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO STRIKE JURY DEMAND</u>**

I.   **PRELIMINARY STATEMENT**

Pursuant to Local Rule 7.1(b)(1), Petitioner, Affiliated Managers Group, Inc. ("AMG"), by its attorneys, Jackson Lewis LLP, submits this memorandum of law in support of its motion to strike Respondent's April 8, 2005 Jury Demand. Respondent has failed to meet his burden to demonstrate he is entitled to a jury trial merely by demanding "a jury on all claims so triable." Jury Demand, p. 1 (Doc. # 9). Specifically, in order to claim a jury trial under Section 4 of the FAA, Respondent must make at least some showing that, under prevailing law, he would be relived of his contractual obligation to arbitrate if his allegations proved to be true. Respondent must also produce at least some evidence to substantiate his factual allegations.

The undisputed documentary evidence demonstrates the existence of a valid arbitration agreement. Consequently, neither the making of the arbitration agreement nor Respondent's refusal to perform same are in issue, and a jury trial is not necessary for the summary and speedy disposition of Petitioner's complaint and petition to compel arbitration. For these reasons, more fully discussed below, this Court should strike Respondent's Jury Demand dated April 8, 2005.

II. **PROCEDURAL BACKGROUND**

On April 8, 2005, pursuant to Section 4 of the FAA, Petitioner filed a motion for an expedited hearing (Doc. # 6) and its supporting memorandum of law (Doc. # 7). Later that same day, Respondent's counsel, J. Owen Todd, Esq. filed an appearance (Doc. # 8), demand for jury trial (Doc. # 9) and a two-page opposition to Petitioner's motion for expedited hearing (Doc. # 12.) Respondent's Jury Demand merely stated "[p]ursuant to 9 U.S.C. § 4 (the Federal Arbitration Act), Frank M. Natale hereby demands a jury on all claims so triable." Jury Demand, (Doc. # 9). Respondent did not submit a memorandum of law in support of his opposition to Petitioner's motion for expedited hearing as required under Local Rule 7.1(b)(1), and did not submit a memorandum or produce any evidence supporting the claim he is entitled to a jury trial in this matter.

On April 21, 2005, this Court entered an order that, inter alia, scheduled April 29, 2005 as Respondent's deadline to file a memorandum addressing why he is entitled to [a jury]." (Doc. # 19, p. 2.) Since Petitioner's deadline to file a motion to strike Respondent's Jury Demand pursuant to Rule 12(f) of the Federal Rules of Civil Procedure expires before Respondent's deadline to demonstrate why he is entitled to a jury trial, Petitioner respectfully reserves its ability to supplement this memorandum by addressing any issues raised in Respondent's brief.

III. **ARGUMENT**

A. **RESPONDENT IS NOT ENTITLED TO A JURY TRIAL AS A MATTER OF LAW**

Respondent suggests he is entitled to a jury trial in this matter stating "the Respondent, Frank. M. Natale, has claimed a jury trial on the issue of whether there is an agreement to arbitrate with the Petitioner in writing." (Respondent's Opposition, p. 2, ¶ 4).

2

Section 4 of the FAA provides, in relevant part,

> If the making of the arbitration agreement or the failure, neglect or refusal to perform the same be in issue, the Court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue.

9 U.S.C. § 4. Respondent has failed to produce any evidence to substantiate his allegation he is entitled to a jury trial. See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, 961 F. 2d 1148, 1154 (5th Cir. 1992) (holding the party seeking a jury trial on the issue of arbitrability must "make at least some showing that under prevailing law, he would be relieved of his contractual obligation to arbitrate if his allegations proved to be true. In addition, he must produce at least some evidence to substantiate his factual allegations.")

> It is not true that by merely demanding a jury trial a party to an arbitration agreement can get one. He can get one only if there is a triable issue concerning the <u>existence or scope of the agreement</u>. If the arbitrability of the parties' dispute involves no questions or only legal questions, a jury trial would be pointless because its outcome could not affect the judge's decision on whether to order arbitration.

Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F. 2d 1191, 1196 (7th Cir. 1987) (emphasis added). Petitioner respectfully submits that there is no bona fide dispute about whether Respondent agreed to arbitrate with Petitioner and, based on the undisputed documentary evidence presented to date, the Court can find, as a matter of law, that the parties agreed to arbitrate. Consequently a jury trial on that issue would be pointless and, therefore, the jury demand should be stricken. See Id.

3

1. <u>The Undisputed Documentary Evidence Demonstrates A Valid Arbitration Agreement</u>

In arguing that Petitioner is not a party to the Non-Solicitation Agreement, Respondent cites only the first paragraph of the recitals to the Non-Solicitation Agreement. (Doc # 18, pp. 2, 9). Respondent's reason for his selective citation is obvious, since a complete reading of the Non-Solicitation Agreement demonstrates that Petitioner is a party to the Non-Solicitation Agreement. On its face, the Non-Solicitation Agreement clearly identifies AMG as a party in the second and third recitals to the Non-Solicitation Agreement, as follows:

> WHEREAS, on November 9, 1998, Affiliated Managers Group, Inc., a Delaware corporation ("AMG"), the Company and certain other parties named therein, entered into a Stock Purchase Agreement (the "Purchase Agreement"); and
>
> WHEREAS, it is a <u>condition precedent</u> to the Closing (as defined in the Purchase Agreement) <u>and a material inducement to AMG</u> and the Company entering into the transactions contemplated by the Purchase agreement that <u>the Employee Stockholder [Frank M. Natale] enter into this Agreement with the LLC, AMG and the Company</u>.

Non-Solicitation Agreement, Doc. # 2, Exhibit 2, p. 1 (emphasis added). Moreover, AMG executed the Non-Solicitation Agreement as a party:

> IN WITNESS WHEREOF **the parties** hereto have executed and delivered this Non-Solicitation/Non-Disclosure Agreement as of the day and year first written above.

Non-Solicitation Agreement, Signature Page, p. 10 (emphasis added). The signature of Nathaniel Dalton, a duly authorized officer of AMG appears under the signature block for AMG on page 10 of the Non-Solicitation Agreement. <u>Id.</u> Furthermore, Respondent has also entered into a binding arbitration agreement pursuant to Section 11.6 of the LLC Agreement of Rorer Asset Management, LLC (to which AMG is a party for these purposes ) attached as Exhibit 1 to

4

Petitioner's Memorandum in Support of Complaint and Petition to Compel Arbitration (Doc. # 2).

Indeed, the making of the Non-Solicitation Agreement is not at issue. Respondent, in fact, alleges in Paragraphs 8-9 of his Pennsylvania Verified Complaint that he entered into and received equity interests under the agreements as attached as Exhibits A and B to his Verified Complaint. See Verified Complaint, p. 3, ¶¶ 8-9, attached to Petitioner's Mem., Doc. # 2 as Exhibit 5. In addition, Respondent acknowledged he signed the agreement in this action. (Respondent's Memorandum in Opposition to Petition to Compel Arbitration, Doc. # 18, p. 2.) Moreover, Respondent alleges defenses, such as "AMG never employed Natale" and whether a 3rd party beneficiary can enforce an arbitration agreement (Respondent's Mem., Doc. # 18, pp. 3, 9), which do not affect the making of the agreement and are, therefore, questions for the Arbitrator. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) ("Procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide.") To the extent Respondent relies upon Judge Del Ricci's March 11, 2005 finding that AMG is a non-party to the Non-Solicitation Agreement, that order has been <u>vacated</u> by the Judge Del Ricci's order dated April 11, 2005. (Transcript, April 11, 2005, Doc. # 15, Exhibit A, pp. 31-32.) For these reasons, this Court should strike Respondent's Jury Demand and enter an order scheduling this matter for a court hearing on May 9, 2005.

2. It is Undisputed that Respondent Has Refused To Arbitrate

Respondent's own correspondence and pleadings filed to date demonstrate his continued refusal to arbitrate his dispute with Petitioner in the arbitration proceeding that has been pending since January 14, 2005 before the American Arbitration Association ("AAA") in Boston, Massachusetts (the "Arbitration") (Doc. # 2, Exhibit 3). Indeed, Respondent's first

refusal to arbitrate with Petitioner is demonstrated by his conclusory two-page Objection to Demand for Arbitration filed with the AAA on March 1, 2005.[1] (Objection to Demand for Arbitration, Doc. # 2, Exhibit 4.) Respondent's continuing refusal to arbitrate is further demonstrated by his Pennsylvania state court complaint (Doc. # 2, Exhibit 5), Attorney Avellaneda's March 14, 2005 letter to the AAA stating "it is my belief that there should not be any further proceedings in this matter" (A copy of Attorney Avellaneda's March 14, 2005 letter is attached hereto as Exhibit C), his March 21, 2005 Petition to Stay Arbitration (Doc. # 2, Exhibit 9), and Attorney Yusem's March 23, 2005 letter to Judge Del Ricci, requesting an order staying the Arbitration (Doc. # 2, Exhibit 11).

## IV.  CONCLUSION

It is undisputed that Respondent agreed to arbitrate his dispute with Petitioner, that he has subsequently refused to proceed to arbitration in accordance with that agreement and that Petitioner has been aggrieved by Respondent's failure and refusal to arbitrate. In light of the absence of any dispute on those issues, the Court may decide the Complaint and Petition to Compel Arbitration as a matter of law. Therefore, it should strike Respondent's April 8, 2005 Jury Demand.

---

[1] The AAA acknowledged Petitioner's demand for arbitration and statement of claim filed with the AAA on January 14, 2005 by letter dated February 10, 2005. A copy of the AAA letter is attached hereto as Exhibit A. In that letter, the AAA scheduled the Respondent's answering statement deadline as February 22, 2005. On February 18, 2005, Attorney Avellaneda submitted a letter to the AAA seeking a "one week extension for responding to the Statement of Claim and submitting a list of arbitrators and the conflict forms list." (Emphasis added)(Letter from Carolina Avellaneda to AAA dated February 18, 2005, attached hereto as Exhibit B.) Notwithstanding Respondent's request for an extension to respond to the statement of claim, Respondent filed his objection to demand for arbitration on March 1, 2005. Less than one week later, Respondent filed his Pennsylvania state court complaint on March 7, 2005, a copy of which he submitted to the AAA as an attachment to an Amendment to Objection to Demand for Arbitration on April 8, 2005.

Pursuant to Rule 12 (f) of the Federal Rules of Civil procedure and the Federal Arbitration Act, 9 U.S.C. § 4, this Court should strike Respondent's Jury Demand and schedule this matter for a court hearing on its Petition for May 9, 2005.

Respectfully submitted,

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

By: /s/ Joan Ackerstein
_____
Joan Ackerstein BBO# 348220
Samia M. Kirmani BBO# 634699
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Tel. (617) 367-0025
Fax (617) 367-2155
Email: ackersteinj@jacksonlewis.com
Email: kirmanis@jacksonlewis.com
ITS ATTORNEYS


PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

By: /s/ A. Robert Fischer
_____
A. Robert Fischer
*Admitted Pro Hac Vice*
JACKSON LEWIS LLP
177 Broad Street, 8th Floor
Stamford, CT 06904-0251
Tel. (203) 961-0404
Fax (203) 324-4704
Email: fischera@jacksonlewis.com
ITS ATTORNEYS



# American Arbitration Association
*Dispute Resolution Services Worldwide*

*American Arbitration Association*
*950 Warren Avenue*
*East Providence, RI 02914*
*Toll Free Tel: 866 293 4053*
*FAX: 401 435 0125*

DATE: 2/10/05

**TO**:
A. Robert Fischer, Esq.
Jackson Lewis LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251                    Fax Number: 203 324 4704

Kevin R. Brady
Jackson Lewis, LLP
177 Broad Street
P.O.Box 251
Stamford, CT 06904-0251                    Fax Number: 203 324 4704

SANDRA A. GIRIFALCO, ESQ.
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103                     Fax Number: 215 564 8120

**Re**: 11 166 00141 05
    Affiliated Managers Group
    and
    Frank Natale

FROM: Ian A. Wauchope, Case Manager, (401 431-4774) Wauchopei@adr.org

Total pages including cover sheet __7__    Arb Resumes VIA EMail

*This fax transmission is intended for the use of the person to whom it is addressed. It may contain information that is confidential, privileged or otherwise exempt from disclosure. If you are not the intended recipient or the person authorized to deliver this fax to the intended recipient, you are hereby notified that any dissemination of this fax is prohibited. If you have received this fax in error, please notify us immediately by telephone and return the original fax to us by first class mail at the above address.*

FEB. 10. 2005 4:56PM       AMERICAN ARBITRATION                           NO. 0618   P. 1/7

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents
950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

February 10, 2005

A. Robert Fischer, Esq.
Jackson Lewis LLP
177 Broad Street
P.O. Box 251
Stamford, CT 06904-0251

Kevin R. Brady
Jackson Lewis, LLP
177 Broad Street
P.O.Box 251
Stamford, CT 06904-0251

Sandra A. Giriflaco
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103

Re: 11 166 00141 05
    Affiliated Managers Group
    and
    Frank Natale

Dear Parties,

This will acknowledge receipt on January 20, 2005, of a Request for Arbitration dated January 14, 2005, either by joint submission or in accordance with provisions in a personnel manual or employment agreement. We understand that a copy was sent to Respondent. A copy of our National Rules for the Resolution of Employment Disputes, as amended and in effect January 1, 2004, can be found on our web site at www.adr.org.

If you would like a printed copy of the applicable rules, please contact the undersigned.

Pursuant to Section 1 of the Rules, "If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these Rules, the arbitrator shall apply these Rules."

We ask the parties to refer to Sections 4 and 5. Pursuant to Section 4, the Respondent's answering statement is due on or before February 22, 2005. The answer should set forth a brief statement of the nature of the dispute and the issues to be presented. A copy should simultaneously be forwarded to the Claimant. If Respondent wishes to counterclaim, file the appropriate number of copies, together with the administrative fee, to the attention of the undersigned. A copy should be directly sent to Claimant.

The employment clause specifies that the hearing be held in Boston, MA.

We note the claim is non-monetary. If this amount is incorrect, please advise us on or before February 21, 2005, of the correct amount.

In accordance with the Rules, enclosed is a roster of names of all arbitrators who are members of our regional Employment Dispute Resolution Roster. The parties are encouraged to agree to as many arbitrators from this roster as possible, and to advise the Association of their agreement within ten days from the date of this letter. Upon notification of the arbitrator selected by both parties, the AAA will appoint pursuant to the Rules.

In the event the parties are unable to agree to an arbitrator from the enclosed roster, the Association will provide the parties with a shorter list of arbitrators who are members of the regional Employment Dispute Resolution Roster. Each party shall have an opportunity to review the shorter list, strike any names objected to, number the remaining names in order of preference and return that list to the AAA. If the list of arbitrators is not returned by the date specified, the arbitrator will be appointed as authorized in the Rules.

Enclosed is a conflicts form to list those witnesses you expect to present, as well as any persons or entities with an interest in these proceedings. The conflicts form is due within ten days from the date of this letter. The parties are to exchange copies of all correspondence except this form and arbitrator lists.

The Association will make maximum use of fax machines when communicating in writing, and request that the parties do the same. If you have not provided us with your fax number, we ask that you do so at this time. If a party does not provide us with their fax number, then that party will have to rely on receiving correspondence via regular mail.

This case will be administered by facilitating the exchange of appropriate written documents through the AAA. To ensure the proper handling of all case-related documents, the parties are asked not to submit correspondence directly to the arbitrator. Correspondence should be submitted to the undersigned for transmittal to the arbitrator, copying the other party(s).

We ask the parties to exchange copies of discovery documents without providing a copy to the Association. These documents will be returned to you if we receive them, and should only be forwarded to the Association if they are being referred to the arbitrator for a determination.

The Association has a strict policy regarding requests for extensions. If you need to extend any deadline during the course of these proceedings, please try to obtain the other party's agreement prior to contacting the AAA. Without the consent of the parties, case managers only have the authority to grant one extension per deadline, provided the request is reasonable and necessary. Untimely filings will not be considered by the Association.

The Association will require advance deposits once the arbitrator is appointed. These deposits are calculated based on the number of days the parties have suggested will be necessary, in addition to the pre and post hearing time that the arbitrator may charge pursuant to the arbitrator's resume.

In closing we wish to remind the parties that AAA filing fees are nonrefundable. If the parties enter settlement negotiations at any time after the AAA has opened its file, they should take into consideration the nonrefundable filing fees and deposits that have been paid to the AAA. The AAA does not refund filing fees or neutral costs incurred when parties settle their dispute or withdraw their claims. We encourage parties to resolve their disputes as amicably as possible and this notice is just to alert you to this issue so that it doesn't become a concern in the future.

Please feel free to call if you have any questions. We look forward to assisting you in this matter.

Sincerely,

Ian A. Wauchope
Case Manager
401 431 4774
Wauchopei@adr.org

Aileen Rocheleau
Supervisor
401 431 4880
Rocheleaua@adr.org

Encl.

# AMERICAN ARBITRATION ASSOCIATION
## CHECKLIST FOR CONFLICTS

In the Matter of the Arbitration between:

Re: 11 166 00141 05
    Affiliated Managers Group
    and
    Frank Natale

CASE MANAGER: Ian A. Wauchope
DATE: February 10, 2005

To avoid the possibility of a last-minute disclosure and/or disqualification of the arbitrator pursuant to the Rules, we must advise the arbitrator of the names of all persons, firms, companies or other entities involved in this matter. Please list below all interested parties in this case, including, but not limited to, witnesses, consultants, and attorneys. In order to avoid conflicts of interest, parties are requested to also list subsidiary and other related entities. This form will only be used as a list for conflicts, not a preliminary or final witness list. Please note that the AAA will not divulge this information to the opposing party, and the parties are not required to exchange this list. This form will, however, be submitted to the arbitrator, together with the filing papers. You should be aware that arbitrators will need to divulge any relevant information in order to make appropriate and necessary disclosures in accordance with the applicable arbitration rules.

NAME                        AFFILIATION                    ADDRESS

DATED: _____  PARTY: _____
                                                                              Please Print

American Arbitration Association
*Dispute Resolution Services Worldwide*

**The American Arbitration Association is pleased to introduce its Boston Employment Panel.**

The Boston Employment Panel of the American Arbitration Association has been specifically selected for and trained in the resolution of employment disputes. The panel members have at least ten years experience dealing directly with employment disputes either as lawyers, human resource professionals, judges, government agency officials or academics.

This panel list is provided for consultation purposes only. **Do not strike and rank this list.** In the event the parties are unable to agree to an arbitrator from the roster, the Association will provide the parties with a shorter list of arbitrators who are members of the regional Employment Dispute Resolution Roster. Each party shall have an opportunity to review the shorter list, strike any names objected to, number the remaining names in order of preference and return that list to the AAA

**Loretta T. Attardo**
Law Office of Attardo & Miller

**Elizabeth Bartholet**
Harvard Law School

**Tim Bornstein**
Arbtrator

**Jessica Block**
Field & Roos, LLP

**Richard G. Boulanger**
Arbitrator

**Philip G. Boyle**
Morgan, Brown & Joy, LLP

**Jonathan D. Canter**
Arbitrator

**John B. Cochran**
Arbitrator

**Stacey L. Cushner**
Bernstein, Cushner & Kimmell, P.C.

**Joseph C. D'Arrigo**
Arbitrator

**Kate Debevoise**
Bernstein, Shur, Sawyer & Nelson

**Joan Dolan**
Arbitrator

**Susan L. Donegan**
Law Office of Susan L. Donegan

**Sarah Kerr Garraty**
Arbitrator

**Marc D. Greenbaum**
Suffolk University Law School

**Marcia L. Greenbaum**
Arbitrator

**Eugenia M. Guastaferri**
Mass. Commission Against Discrimination

**Patricia Gatto Hechavarria**
Arbitrator

**David A. Hoffman**
The New Law Center

**Mark L. Irvings**
Arbitrator

**Lawrence E. Katz**
Arbitrator

**Ms. B.J. Krintzman**
Law Offices of B.J. Krintzman

**James F. Lamond**
McDonald & Associates

**Scott A. Lathrop**
Law Offices of Scott A. Lathrop, P.C.

**James M. Litton**
Arbitrator

| | |
|---|---|
| **Harold N. Mack**<br>Phillips, Gerstein, Holber & Channen | **Bette J. Roth**<br>Arbitrator |
| **William J. McDonald**<br>Arbitrator | **Michael C. Ryan**<br>Arbitrator |
| **Ellen J. Messing**<br>Messing, Rudavsky & Weliky, P.C. | **Mark E. Schreiber**<br>Palmer & Dodge LLP |
| **Melinda Milberg**<br>Arbitrator | **Jay S. Siegel**<br>Arbitrator |
| **Elizabeth Neumeier**<br>Arbitrator | **Robert M. Shea**<br>Nixon Peabody LLP |
| **Marjorie O'Reilly**<br>Arbitrator | **Mr. Edward E. Shumaker, III**<br>National Education Assoc. of NH |
| **Jeffrey P. Petrucelly**<br>Petrucelly & Nadler, P.C. | **Beth Anne Wolfson**<br>Arbitrator |
| **Sydelle Pittas**<br>Pittas\\Koenig | **Marilyn H. Zuckerman**<br>Arbitrator |
| **Denise L. Presley**<br>Volunteer Lawyers Project of the Boston Bar Association | |

For more information about our rules or panel members, please contact:
**Northeast Case Management Center (866) 293-4053.**

*Updated*        October 7, 2004



# FACSIMILE TRANSMISSION

| **TO:** | **COMPANY:** | **FAX NO:** | **PHONE NO:** |
|---|---|---|---|
| Kevin R. Brady | Jackson Lewis | 2033244704 | 2039610404 |

| **FROM:** | **EMAIL:** | **FAX NO:** | **PHONE NO:** |
|---|---|---|---|
| M. Carolina Avellaneda | cavellaneda@ghlaw.com | 617 204 8065 | 617 345 7065 |

**February 22, 2005**

Total number of pages including cover: 2

225 Franklin Street
n, MA 02110
Tel 617 345 7000
Fax 617 345 7050
www.ghlaw.com

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY/CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.



GADSBY HANNAH LLP

Carolina Avellaneda
avellaneda@ghlaw.com

Tel: 617 345 7065
Fax: 617 204 8065

February 18, 2005

VIA FACSIMILE AND US MAIL

Ian A. Wauchope, Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

Re: <u>Affiliated Managers Group and Frank Natale</u>

Dear Ian:

    I have just been retained to represent Mr. Natale in this matter. It is my understanding that the current deadline for responding to the Statement of Claim and submitting a list of arbitrators and the conflicts form list is February 22, 2005. Yesterday I contacted Kevin Brady, counsel for Affiliated Managers Group, to request a two week extension in order to get up to speed in this matter. Attorney Brady notified me this afternoon that he will not agree to any extension.

    I am writing to confirm our telephone conversation today and your telephone message to me which granted Mr. Natale a one week extension for responding to the Statement of Claim and submitting a list of arbitrators and the conflict forms list.

    Thank you for your attention to this matter.

Sincerely,

M. Carolina Avellaneda

cc: Kevin Brady, Esq.

225 Franklin Street
Boston MA 02110

Tel 617 345 7000
Fax 617 345 7050
www.ghlaw.com

B0403088v1



# FACSIMILE TRANSMISSION

| **To:** | **Company:** | **Fax No:** | **Phone No:** |
|---|---|---|---|
| Ian A. Wauchope | American Arbitration Association | (401) 435-6529 | (401) 431-4774 |
| Kevin R. Brady | Jackson Lewis | (203)324-4704 | 2039610404 |

| **From:** | **Email:** | **Fax No:** | **Phone No:** |
|---|---|---|---|
| M. Carolina Avellaneda | cavellaneda@ghlaw.com | 617 204 8065 | 617 345 7065 |

**March 14, 2005**

Total number of pages including cover: 1

225 Franklin Street
Boston, MA 02110
Tel 617 345 7000
Fax 617 345 7050
www.ghlaw.com

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY/CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.


GADSBY HANNAH LLP

M. Carolina Avellaneda
cavellaneda@ghlaw.com

Tel: 617 345 7065
Fax: 617 204 8065

March 8, 2005

**VIA FACSIMILE AND REGULAR MAIL**

Ian A. Wauchope
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

225 Franklin Street
Boston MA 02110

Tel 617 345 7000
Fax 617 345 7050

www.ghlaw.com

Re:   Affiliated Managers Group and Frank Natale
      Case No. 11 166 00141 05

Dear Ian:

    I am writing to confirm our telephone conversation this morning. As you know, the Court of Common Pleas in Montgomery County, Pennsylvania held a hearing on Mr. Natale's request for a special injunction on Friday, March 11, 2005. Affiliated Managers Group, Inc. was represented at the hearing by Daniel P. O'Meara from Montgomery, McCracken, Walker & Rhoads, LLP. Judge del Ricci, who presided over the hearing, issued an order enjoining Affiliated Managers Group, Inc. from proceeding with the arbitration in Boston. A copy of the written order will not be available until later this week.

    Given the Pennsylvania court's order, it is my belief that there should not be any further proceedings in this matter and that the telephonic hearing scheduled for this afternoon should not go forward. Please contact me at your earliest convenience if the American Arbitration Association decides otherwise.

    Thank you for your attention to this matter.

Sincerely,

M. Carolina Avellaneda

CMA/eel
Enclosure
cc:   Kevin Brady, Esq. (via fax)