IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFFILIATED MANAGERS GROUP, INC. : | CIVIL ACTION NO. 05 CV 10641MLW |
| Petitioner, : | |
| v. : | |
| FRANK M. NATALE : | |
| Respondent. : | |

### RESPONDENT FRANK M. NATALE'S RESPONSE TO COURT ORDER REGARDING MAY 9, 2005 HEARING

In response to the Court's Order dated April 22, 2005, Frank M. Natale ("Natale") states as follows:

1. Without conceding the validly of any of the arguments raised by Affiliated Managers Group, Inc. ("AMG"), Natale withdraws his request for a jury demand and is content with the Court resolving all factual and legal disputes applicable to the pending motions.

2. As the Court's Order makes clear, certain threshold legal issues must be addressed and resolved prior to live witness testimony being offered. In the event the Court reaches issues which require live witness testimony, Natale is prepared to offer testimony from himself, as well as testimony from Thomas Rees, Esquire, Mr. Natale's counsel in the prior pending state court action.

3. The Court has indicated that it will first determine whether AMG has sustained its burden of demonstrating that this matter is properly before this Court. As outlined in his Motion to Dismiss, Natale contends that AMG has failed to name a necessary party as required by Fed.

R. Civ. P. 12(b)(7). Edward Rorer and Co., Inc. ("Rorer") is a necessary and indispensable party and yet has been omitted as a party from this case. Since its inclusion would destroy diversity jurisdiction as both Rorer and Mr. Natale are citizens of Pennsylvania, AMG failed to establish subject matter jurisdiction and Natale's Motion to Dismiss should be allowed. If the Court so rules, there is no need for live witness testimony.

4. Even if the Court determines that Rorer and Rorer Asset Management, LLC ("RAM") are not necessary parties, or that their inclusion in this matter is necessary but would not destroy diversity, the Court has suggested that it will then evaluate, in the exercise of its discretion, whether to abstain from hearing this case given the prior matter pending in the state court in Pennsylvania. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed. 2d 483 (1976). Natale intends to offer the testimony of Thomas Rees, Esquire, counsel to Natale in the Pennsylvania state court proceeding. Attorney Rees is prepared to testify about nature of the pending action, its procedural history and its current status – all which bear upon the factors weighting in favor of abstention under the Colorado River doctrine.

5. Finally, should the above issues be resolved in a manner which allows the case to proceed, Natale maintains that the Non-Solicitation Agreement is clear and unambiguous and, as a matter of law, the Court can determine that AMG was not a party to the Non-Solicitation Agreement and therefore cannot enforce its provisions. Moreover, even if AMG were a party to the Non-Solicitation Agreement, AMG has no lawful right to enforce the agreement as it never acted as Natale's employer. These (and other) defenses have been fully briefed in Natale's Opposition to AMG's Motion to Compel Arbitration.

However, should the Court find that the Non-Solicitation Agreement is ambiguous in any way or that parol evidence is necessary to understand or appreciate the facts underlying the agreement, Natale is prepared to offer testimony to the Court regarding the scope of his duties and responsibilities for RAM, his discussions, understandings and agreements with RAM and Rorer about the scope of the Non-Solicitation Agreement, the nature of Natale's current employment with Brandywine Asset Management, Inc., as well as other testimony relevant to this dispute.

        Respectfully submitted,

        FRANK M. NATALE.

        By his attorney,

        /s/ J. Owen Todd
        J. Owen Todd (BBO#499480)
        David H. Rich (BBO#634275)
        Todd & Weld LLP
        28 State Street, 31st Floor
        Boston, MA 02109
        (617) 720-2626

Dated: April 29, 2005