UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AFFILIATED MANAGERS GROUP, INC. | : | CIVIL ACTION NO. 05 CV 10641-MLW |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| FRANK M. NATALE | : |  |
|  | : |  |
| Respondent. | : | May 4, 2005 |
|  | : |  |

## PETITIONER'S MEMORANDUM OF LAW
## IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

### I.      INTRODUCTION

Pursuant to Local Rule 7.1(b)(2) and this Court's order dated April 21, 2005,

Petitioner, Affiliated Managers Group, Inc. ("AMG"), by its attorneys Jackson Lewis LLP,

submits this memorandum of law in opposition to Respondent's Motion to Dismiss dated April

20, 2005.[1] Respondent erroneously claims Petitioner failed to name indispensable parties to this

action, including Rorer Asset Management, LLC ("RAM") and Edward C. Rorer & Co., Inc.

(Respondent's Motion to Dismiss, Doc. # 16, p. 1). Respondent further accuses Petitioner of

forum shopping and incorrectly claims the inclusion of Edward C. Rorer & Co., Inc. (which as

described below is in fact a Delaware corporation, not a Pennsylvania corporation, as

Respondent claims) would destroy diversity jurisdiction. (Doc # 16, p. 1).

Indeed, Respondent is the party who engaged in forum shopping by commencing

a subsequent action in Pennsylvania state court, rather than asserting his defenses to the

---

[1] Respondent's counsel did not contact counsel for Petitioner prior to filing his motion to dismiss as required pursuant to Local Rule 7.1(a)(2), and therefore, did not include the required certificate of conference to his motion to dismiss. (Docs. # 16 and 17.) Respondent's failure to confer on his motion to dismiss is an additional basis to deny his motion.

arbitration first filed on January 14, 2005, which is currently pending before the American

Arbitration Association ("AAA") in Boston, Massachusetts (the "Arbitration") (Doc. # 2,

Exhibits 3 and 5).[2]  In this action, Petitioner seeks to restore the status quo pursuant to the

Federal Arbitration Act, 9 U.S.C. § 4 (the "FAA"), since it has been and continues to be

aggrieved by Respondent's failure and refusal to arbitrate since at least March 1, 2005. (Doc. #

1, p. 6, ¶ 20; Doc. # 2, Exhibit 4.)  Therefore, the only issues before this Court in ordering the

Parties to proceed with the Arbitration are the making of the arbitration agreement and

Respondent's failure to comply therewith. See 9 U.S.C. § 4.

Respondent's subject matter jurisdiction arguments fail as a matter of law because

Petitioner (a Delaware corporation) is a party to the both the January 6, 1999 Amended and

Restated Limited Liability Company Agreement of RAM (the "LLC Agreement")(Doc. # 2,

Exhibit 1) and the January 6, 1999 Non-Solicitation/Non-Disclosure Agreement (the "Non-

Solicitation Agreement")(Doc. # 2, Exhibit 2).  Furthermore, Petitioner (a Delaware corporation)

is the 100% owner of Edward C. Rorer & Co., Inc., which is also a Delaware corporation that

has since been renamed AMG Northeast Holdings, Inc. (hereafter, this entity is referred to as

"AMG Holdings Company").  Petitioner thus is specifically authorized to prevent any violation

of Respondent's obligations thereunder.  Similarly, Petitioner is authorized to enforce the

agreements on its behalf and on behalf of its Affiliate, RAM, an entity in which Petitioner

indirectly serves as managing member. (Doc. # 2, Exhibit 3, ¶ 1).  Even if the former Edward C.

Rorer & Co., Inc. (now AMG Holdings Company) was an indispensable and/or necessary party

---

[2]  Respondent claims the Pennsylvania state court action is the "Prior Pending Action."  (Respondent's
Memorandum, Doc. # 17, p. 2, n. 1.)  This is incorrect, as the undisputed record demonstrates Petitioner first filed its
Arbitration on January 14, 2005, whereas Respondent commenced a subsequent Pennsylvania state court action
almost two months later, on March 7, 2005, seeking to restrain Petitioner from proceeding with its Arbitration. (Doc.
# 2, Exhibits 3 and 5.)

to this Petition (as it is not), complete diversity exists among the entities since AMG (a <u>Delaware</u> corporation) is 100% owner of AMG Holdings Company, also a <u>Delaware</u> corporation.

Based on this undisputed documentary evidence set forth below, that the former Edward C. Rorer & Co., Inc. has been and continues to exist as a <u>Delaware</u> corporation since January 15, 1999, Respondent's attempt to destroy diversity jurisdiction must fail as a matter of law and his motion to dismiss on that basis should be withdrawn and/or denied by this Court.

## II.    **BACKGROUND**

### A.    The LLC Agreement and the Non-Solicitation Agreement

On January 6, 1999, Petitioner executed the LLC Agreement with Natale (among others). A copy of the LLC Agreement is attached to Petitioner's memorandum in support of its complaint and petition to compel arbitration. (Doc # 1, p. 2, ¶ 6; Doc. # 2, Exhibit 1.) On January 6, 1999, Petitioner executed the Non-Solicitation Agreement with Natale (among others). A copy of the Non-Solicitation Agreement is attached as Exhibit 2 to Petitioner's memorandum of law. (Doc. # 1, p. 2, ¶ 7; Doc # 2, Exhibit 2.) The arbitration provision of the Non-Solicitation Agreement is located in Section 11, p. 6 and the parallel arbitration provision of the LLC Agreement is located at Section 11.6, p. 57. (Doc. # 2, Exhibits 1 and 2.) These two agreements were entered into with Respondent and others in connection with Petitioner's acquiring a majority interest in RAM on January 6, 1999 with Respondent receiving good and valuable consideration (including becoming a member/partner in RAM) as a result of this transaction. (Doc. # 2, Exhibit 1, p. 1; Doc. # 2, Exhibit 2, p. 1.)

Respondent persists in his claim that Petitioner is not a party to the agreements and does not have standing to compel arbitration. (Doc. # 17, pp. 1, 4.)[3] On its face, however,

---

[3] Respondent cites to the April 11, 2005 transcript of the Honorable Thomas M. Del Ricci claiming that Judge Del Ricci made specific findings regarding Petitioner's district court pleadings in this case. (Doc. # 15, p. 4, n. 4.)

the Non-Solicitation Agreement clearly identifies AMG as a party in the second and third recitals

to the Non-Solicitation Agreement, as follows:

> WHEREAS, on November 9, 1998, Affiliated Managers Group, Inc., a Delaware corporation ("AMG"), the Company and certain other parties named therein, entered into a Stock Purchase Agreement (the "Purchase Agreement"); and
>
> WHEREAS, it is a <u>condition precedent</u> to the Closing (as defined in the Purchase Agreement) <u>and a material inducement to AMG</u> and the Company entering into the transactions contemplated by the Purchase agreement that <u>the Employee Stockholder [Frank M. Natale] enter into this Agreement with the LLC, **AMG** and the Company</u>.

Non-Solicitation Agreement, Doc. # 2, Exhibit 2, p. 1 (emphasis added).    Moreover, AMG

executed the Non-Solicitation Agreement as a party:

> IN WITNESS WHEREOF **the parties** hereto have executed and delivered this Non-Solicitation/Non-Disclosure Agreement as of the day and year first written above.

Non-Solicitation Agreement, Signature Page, p. 10 (emphasis added).    The signature of

Nathaniel Dalton, a duly authorized officer of AMG appears under the signature block for AMG

on page 10 of the Non-Solicitation Agreement. Id.  Petitioner has also entered into a binding

arbitration agreement with Respondent pursuant to Section 11.6 of the LLC Agreement (Doc. #

2, Exhibit 1), which states "[t]he undersigned is executing this Agreement solely to acknowledge

and agree to be bound by the provisions of Section 3.11, Article VII <u>and the relevant provisions</u>

---

Notably, Respondent omits a significant ruling from the April 11, 2005 transcript, which is Judge Del Ricci's Order, <u>vacating</u> his March 11, 2005 order stating "[t]he Motion to Reconsider by way of Motion to Vacate is granted, thereby making the appeal moot and precluding the investiture of jurisdiction to the appellate court." (Transcript, April 11, 2005, pp. 31-32.) Petitioner respectfully submits that any so-called "findings" advanced by Respondent by virtue of the March 11, or April 11, 2005 transcript are not binding on this Court. Among other reasons, any such "findings" or orders have been <u>vacated</u>. Moreover, Judge Del Ricci acknowledged that the filing of this district court petition under the Federal Arbitration Act and the filing of the Pennsylvania state court appeal of the March 11, 2005 order were "perfectly legitimate actions." (Transcript, pp. 34-35.)

of Article XI hereof." (Doc # 2, Exhibit 1, pp. 56-57, Section 11.6 and Acknowledgement page)

(emphasis added).

B.    Edward C. Rorer & Co., Inc. is a Delaware Corporation now known as AMG
Northeast Holdings, Inc.

Respondent has attached the affidavit of Johanna M. Yemm and a document from

Commonwealth of Pennsylvania Department of State, claiming that Edward C. Rorer & Co., Inc.

is "duly incorporated under the laws of the Commonwealth of Pennsylvania and remains

subsisting so far as the records show, as of [April 20, 2005]." (Doc. # 17, p. 2; Exhibits A and

B.) Respondent is incorrect since at all times relevant to this action, and before Respondent's

breach of his obligations to Petitioner, the Pennsylvania corporation Edward C. Rorer & Co., Inc.

(hereafter referred to as "Former Pennsylvania Corporation") was merged into and, as a result of

that merger, has continued to exist as a Delaware corporation. See Declaration of Joan Kershaw,

¶ 2, attached hereto as Exhibit A; State of Delaware, Office of the Secretary of State Certificate,

dated January 19, 1999 and Certificate of Ownership and Merger, dated January 13, 1999,

attached to Kershaw Decl. as Exhibit A. Specifically, on January 15, 1999, Edward J. Freel,

Secretary of the State of Delaware, certified a true and correct copy of the certificate of

ownership, which merged:

> 'Edward C. Rorer & Co., Inc.', a Pennsylvania corporation,
> with and into 'Eagle Transaction Corp.' under the name of
> 'Edward C. Rorer & Co., Inc.', a corporation organized and
> existing under the laws of the state of Delaware, as
> received and filed in this office the fifteenth day of January,
> A.D. 1999, at 4:30 O'clock P.M.

Kershaw Decl., Exhibit A (emphasis added).

Moreover, on October 25, 2004, this entity, "a corporation duly organized and

existing under and by virtue of the General Corporation Law of the State of Delaware," filed a

Certificate of Amendment of Certificate of Incorporation, changing the name of the corporation to "AMG Northeast Holdings, Inc." See Kershaw Decl., ¶ 3; Certificate of Amendment, dated October 25, 2004, attached to Kershaw Decl. as Exhibit B. The Secretary of State of the State of Delaware certified this name change on October 25, 2004:

> I, Harriet Smith Windsor, Secretary of State of the State Delaware, do hereby certify the attached is a true and correct copy of the certificate of amendment of "Edward C. Rorer & Co., Inc.", changing its name from "Edward C. Rorer & Co., Inc." to "AMG Northeast Holdings, Inc.", filed in this office on the twenty-fifth day of October, A.D. 2004 at 1:04 O'clock P.M.

Certificate, dated October 25, 2004, attached to Kershaw Decl. as Exhibit B.

As demonstrated by Respondent's Affidavit of Ms. Yemm, and the Declaration of Joan Kershaw attached hereto as Exhibit A, the last recorded filing for Former Pennsylvania Corporation with the Pennsylvania Department of State was April 12, 1995 (well before Petitioner's investment in this entity) (Exhibit A, ¶ 7). As a result of the above described merger and name change, Petitioner is 100% owner of AMG Holdings Company (Exhibit A, ¶¶ 4-5.) In addition, the current principal place of business for AMG Holdings Company is 600 Hale Street, Prides Crossing, MA. Id. Furthermore, as a result of the January 15, 1999 merger described above, Former Pennsylvania Corporation was effectively merged out of existence, with all of its rights and obligations under its various agreements (including the LLC Agreement and the Non-Solicitation Agreement) being transferred to AMG Holdings Company on that date in accordance with Pennsylvania and Delaware corporate law. (Kershaw Dec., Exhibit A, ¶ 7.) Having thus been merged out of existence, Former Pennsylvania Corporation therefore is no longer an active corporate entity, but merely appears on the Pennsylvania Department of State records as a non-operating corporate shell. (Exhibit A, ¶ 7.) Finally, Petitioner has attached the

Delaware Secretary of State certificates of good standing for RAM and AMG Holdings Company hereto as Exhibits B and C, demonstrating that these entities are duly incorporated under the laws of the State of Delaware and have a legal corporate existence as of April 25, 2005. (Exhibits B and C.)

Based on this undisputed documentary evidence that Former Pennsylvania Corporation (now AMG Holdings Company) has been and continues to exist as a <u>Delaware</u> corporation and a party to the LLC Agreement and the Non-Solicitation Agreement since January 15, 1999, Respondent's attempt to destroy diversity jurisdiction must fail as a matter of law.

### III.    ARGUMENT

#### A.    RAM AND THE FORMER PENNSYLVANIA CORPORATION ARE NOT NECESSARY OR INDISPENSABLE PARTIES PURSUANT TO RULE 19

Rule 19 of the Federal Rules of Civil Procedure establishes a three-step analysis for determining whether a case should proceed in the absence of a particular party. <u>See</u> <u>Keweenaw Bay Indian Cmty. v. Michigan</u>, 11 F.3d 1341, 1345 (6th Cir. 1993). A court must first determine "whether a person is necessary to the action and should be joined if possible." <u>Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.</u>, 181 F.3d 759, 763-64 (6th Cir. 1999); Fed.R.Civ.P. 19(a). If the party is deemed necessary for the reasons enumerated in Rule 19(a), the court must next consider whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction. <u>See</u> <u>Keweenaw Bay Indian</u> <u>Cmty.</u>, <u>supra</u>, 11 F.3d at 1345-46 (describing the second step of the Rule 19 analysis as an inquiry into whether the court has personal jurisdiction over the necessary party); Fed.R.Civ.P. 19(a) (requiring the court to join a necessary party "who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action").

The third step "involves an analysis under Rule 19(b) to "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party [being] thus regarded as indispensable." <u>Soberay Mach. & Equip. Co.</u>, <u>supra</u>, 181 F.3d at 764 (quoting Fed.R.Civ.P. 19(b)). Dismissal should occur only if an indispensable party is not subject to personal jurisdiction or cannot be joined without eliminating the basis for subject matter jurisdiction. <u>Id.</u> at 770. If a necessary party is not deemed indispensable pursuant to Rule 19(b), that potential party need not be joined and the action can proceed with the original litigants.

Pursuant to Section 4 of the FAA, Petitioner, the only necessary or indispensable party to be joined in this action, is the party that has been aggrieved. Section 4 of the FAA provides:

> <u>A party</u> aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement to arbitrate may petition any United States district court which, save for such agreement would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (emphasis added). Indeed, the "parties to which Section 4 of the FAA refers are the parties to the petition to compel [arbitration.]" <u>Doctor's Associates Inc. v. Distajo</u>, 66 F.3d 438, 445 (2nd Cir. 1995) (internal quotation marks omitted) (holding district court was correct in looking only to the citizenship of the parties in the action before it who signed the arbitration agreement to determine whether there was complete diversity).

Respondent claims RAM and Former Pennsylvania Corporation are necessary or indispensable parties to this Petition under Rule 19(a)(1) or 19(a)(2). (Doc. # 17, p. 5.) Respondent further claims that the suggestion that RAM and Former Pennsylvania Corporation

are not necessary parties to an action to enforce the agreement cannot be advanced in good faith (Mem., p. 6). To the contrary, Respondent's claim that Petitioner is not a party to the Non-Solicitation Agreement, simply because it is not referenced in the first paragraph of the Non-Solicitation Agreement, is a position that breaches Respondent's covenant that he will "participate in the arbitration in good faith." (Doc. # 2, Exhibit 2, p. 6, ¶ 11.) In further support of his argument that RAM and Former Pennsylvania Corporation are necessary parties to this Petition, Respondent claims it would be unfair to him and a waste of judicial resources if an identical dispute over the enforceability of the same agreement could be litigated in as many as three forums and each could issue inconsistent rulings. (Doc # 17, p. 6.)

As demonstrated above, Petitioner, as a direct party (Doc. # 2, Exhibit 2, p. 1) and alternatively as a third party beneficiary to the Non-Solicitation Agreement (Doc. # 2, Exhibit 2, p. 6, ¶ 9), is authorized to enforce the arbitration agreement. Petitioner initiated the Arbitration on its behalf and on behalf of RAM, an entity in which AMG serves indirectly as its manager member (Kershaw Decl., Exhibit A, ¶ 6; Doc. # 2, Exhibit 3, p. 1). Petitioner is the party that has been aggrieved by Respondent's failure to arbitrate, and therefore, it is unnecessary to join RAM since its interests are aligned with Petitioner and complete relief can be accorded among the parties already joined. In addition, since Petitioner is 100% owner of AMG Holdings Company, a <u>Delaware</u> corporation, it is unnecessary to join the Former Pennsylvania Corporation, since it is an inactive corporate shell that is no longer in operation. (Exhibits A through C.) Moreover, as a result of the merger and subsequent name change, the Former Pennsylvania Corporation has been and continues to exist as a Delaware corporation since January 15, 1999, now known as AMG Holdings Company. (Exhibits A and B.)

9

Respondent, not Petitioner, has caused this matter to be litigated in three separate forums by refusing to arbitrate and commencing his Pennsylvania state court lawsuit. In this case, RAM and the Former Pennsylvania Corporation are not indispensable parties and there is no risk of additional litigation brought by those entities since they are both defendants, rather than plaintiffs in the Pennsylvania state court action. See Bio-Analytical Servs. Inc. v. Edgewater Hosp. Inc., 565 F. 2d 450, 453 n. 3 (7th Cir. 1977) (holding that the absent party was not indispensable, and noting that no named party faced a significant risk of additional litigation brought by the absent party because the absent party was a defendant rather than a plaintiff in the pending state court action). For these reasons, RAM and Former Pennsylvania Corporation are not necessary or indispensable parties to this Petition and this Court should deny Respondent's motion to dismiss.

**B.**     **AMG HOLDINGS COMPANY IS A DELAWARE CORPORATION AND ITS INCLUSION IN THIS PETITION WOULD NOT DESTROY DIVERSITY JURISDICTION**

Even if the Former Pennsylvania Corporation was an indispensable and/or necessary party to this Petition, complete diversity exists among the entities since AMG (a Delaware corporation) is 100% owner of AMG Holdings Company, a Delaware corporation. The Court should look at the citizenship only of the parties named in the petition to compel when determining whether there is diversity jurisdiction. See Prudential-Bache Sec., Inc. v. Fitch, 966 F.2d 981, 988 (5th Cir. 1992) ("jurisdiction for a petition to compel arbitration [must] be determined from the face of the petition"). Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed. See Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957) (stating that jurisdiction is tested by the facts as they exist when the action is brought).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c). "Inasmuch as we consider the actual business activities of the corporation to be determinative of the corporation's principal place of business, we conclude that as a general matter, an "inactive" corporation (that is, a corporation conducting no business activities) has no principal place of business, and is instead a citizen of its state of incorporation only." Midlantic National Bank v. Hansen, 48 F.3d 693 (3rd Cir. 1995).

In this case, Respondent attempts to destroy diversity jurisdiction by arguing this Court should join Former Pennsylvania Corporation as a party to this Petition. (Doc. # 17, pp. 5-8). As conclusively demonstrated above, that former entity is no longer in operation, and is now a Delaware corporation, by virtue of the January 15, 1999 merger and the October 25, 2004 name change to AMG Holdings Company (Exhibits A and B). In addition, the principal place of business for AMG Holdings Company is Prides Crossing, MA. (Exhibit A, ¶ 5.) As a result, the joinder of Former Pennsylvania Corporation entity as a party to this Petition would therefore not destroy diversity jurisdiction because there would be complete diversity among the parties. For this reason alone, Respondent's motion to dismiss should be withdrawn and/or denied by this Court.

Finally, Respondent's allegation that Petitioner has engaged in forum shopping (Doc. # 17, p. 8) completely lacks merit and is contrary to the procedural history of this matter. The court in PaineWebber, Inc. v. Cohen, 276 F. 3d 197 (6th Cir. 2001), faced a similar argument by the party resisting arbitration (Cohen) in ruling on PaineWebber's petition to compel arbitration and stay the state court action. Id. at 199. In rejecting Cohen's allegation that PaineWebber had engaged in forum shopping, the court stated:

> Cohen's naming of Wilhelm in the state court action as a strategy solely designed to preclude PaineWebber from removing the action to federal court. Thus, Cohen's forum-shopping accusation against PaineWebber not only ignores what may have motivated his own actions, but also fails to recognize that the FAA allows PaineWebber's petition and that this federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given to them.

PaineWebber, Inc. v. Cohen, supra, 276 F. 3d 204. (internal quotation marks omitted) (quoting

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983).   Similarly,

Respondent has refused to arbitrate by commencing his Pennsylvania state court action, naming

Former Pennsylvania Corporation in an attempt to avoid arbitration of the dispute and

erroneously attempting to preclude Petitioner from removing the Pennsylvania state court action

to federal court.

Fortunately, the FAA provides a remedy for Respondent's refusal to arbitrate. See

9 U.S.C. § 4.

## IV.   **CONCLUSION**

Based on this undisputed documentary evidence set forth above that Former Pennsylvania Corporation has been and continues to exist as a Delaware corporation since January 15, 1999, Respondent's attempt to destroy diversity jurisdiction must fail as a matter of law and his motion to dismiss on that basis should be withdrawn and/or denied by this Court.

Respectfully submitted,

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

Date:  May 4, 2005

By:  /s/ Joan Ackerstein
_____
Joan Ackerstein BBO# 348220
Samia M. Kirmani BBO# 634699
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Tel. (617) 367-0025
Fax (617) 367-2155
Email: ackersteinj@jacksonlewis.com
Email: kirmanis@jacksonlewis.com

- and -

A. Robert Fischer
*Admitted Pro Hac Vice*
JACKSON LEWIS LLP
177 Broad Street, 8th Floor
Stamford, CT 06904-0251
Tel. (203) 961-0404
Fax (203) 324-4704
Email: fischera@jacksonlewis.com
ITS ATTORNEYS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AFFILIATED MANAGERS GROUP, INC., | : | CIVIL ACTION NO. 05 CV 10641-MLW |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK M. NATALE, | : | |
| | : | |
| Respondent. | : | May 4, 2005 |
| | : | |

## DECLARATION OF JOAN KERSHAW

1.     I, Joan M. Kershaw, am a corporate paralegal for Affiliated Managers Group, Inc. ("AMG") and have held that position for four years. In my position as corporate paralegal for AMG, I am responsible for corporate filings of AMG, certain of its Affiliates and related companies.

2.     By Certificate of Ownership and Merger dated January 13, 1999, Edward C. Rorer & Co., Inc., a Pennsylvania Corporation (hereafter, the "Former Pennsylvania Corporation"), merged with and into Eagle Transaction Corp. under the name Edward C. Rorer & Co., Inc., a corporation organized and existing under the laws of the State of Delaware as filed with the State of Delaware, Office of the Secretary of State on January 15, 1999. True and complete copies of the January 15, 1999 State of Delaware Certificate and the January 13, 1999 Certificate of Merger are attached hereto as Exhibit A.

3.     On October 25, 2004, Edward C. Rorer & Co., Inc. filed a certificate of amendment, changing its name to AMG Northeast Holdings, Inc. True and complete copies of the Secretary of State of the State of Delaware name change certificates are attached hereto as Exhibit B.

4.    As a result of the above described merger and name change, Former Pennsylvania Corporation has been and continues to exist as a Delaware corporation since January 15, 1999, and is now known as AMG Northeast Holdings, Inc.

5.    AMG is 100% owner of AMG Northeast Holdings, Inc., a Delaware corporation (formerly known as Edward C. Rorer & Co., Inc.) (hereafter called "AMG Holdings Company"). The current principal place of business for AMG Holdings Company is 600 Hale Street, Prides Crossing, MA 01965.

6.    AMG Holdings Company is Managing Partner of and holds a minority interest in E.C. Rorer Partnership, a Delaware general partnership (the "Partnership"), and also owns 100% of AMG Northeast Investment Corp., a Delaware corporation (formerly known as E.C. Rorer II, Inc.) (hereafter called "Investment Corp."). Investment Corp. is a Partner of and holds the remaining interest in the Partnership (i.e., the only partners in the Partnership are AMG Holdings Company and Investment Corp., which means that AMG owns 100% of the Partnership through these entities). The Partnership in turn is Manager Member of and holds a majority interest in Rorer Asset Management, LLC, a Delaware limited liability company.

7.    The last recorded filing for Former Pennsylvania Corporation with the Pennsylvania Department of State was April 12, 1995. The Former Pennsylvania Corporation, currently appears on the Pennsylvania Department of State records as a non-operating corporate shell, effectively merged out of existence on January 15, 1999, with all of its rights and obligations under its various agreements being transferred to AMG Holdings Company on that date by virtue of the merger described above in Paragraph 2.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and complete.

Executed on:  <u>May 4, 2005</u>

/s/ Joan M. Kershaw
_____
Joan M. Kershaw

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and complete.

Executed on:  <u>May 4, 2005</u>

Joan M. Kershaw

Exhibit A

## State of Delaware

### Office of the Secretary of State

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF OWNERSHIP, WHICH MERGES:

"EDWARD C. RORER & CO., INC." A PENNSYLVANIA CORPORATION, WITH AND INTO "EAGLE TRANSACTION CORP." UNDER THE NAME OF "EDWARD C. RORER & CO., INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE FIFTEENTH DAY OF JANUARY, A.D. 1999, AT 4:30 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

*Edward J. Freel, Secretary of State*

2988637   8100M

991020154

AUTHENTICATION:          9528676

DATE:          01-19-99

# CERTIFICATE OF OWNERSHIP AND MERGER

## MERGING

## EDWARD C. RORER & CO., INC.

## INTO

## EAGLE TRANSACTION CORP.

(Pursuant to Section 253 of the
General Corporation Law of the State of Delaware)

Eagle Transaction Corp., a corporation organized and existing under the laws of the State of Delaware (the "Corporation"), does hereby certify:

**FIRST:**    That the Corporation owns at least ninety percent (90%) of all of the outstanding shares of each class of stock of Edward C. Rorer & Co., Inc., a Pennsylvania corporation ("Rorer").

**SECOND:**    That the Corporation, by the following resolutions of its Board of Directors, duly adopted by unanimous written consent dated January 13, 1999, determined to merge Rorer into itself, with the Corporation being the surviving corporation (the "Surviving Corporation"):

**RESOLVED** that the Corporation merge Rorer into itself, with the Corporation being the surviving corporation (the "Merger").

**RESOLVED** that in accordance with 8 Del. C. §103(d) the Merger shall become effective upon the filing of the Certificate of Ownership and Merger with the Secretary of State of the State of Delaware (the "Effective Time").

**RESOLVED** that the Restated Certificate of Incorporation of the Corporation and the Amended and Restated By-laws of the Corporation, each as effective immediately prior to the Effective Time, shall be the Certificate of Incorporation and By-laws of the Surviving Corporation, except that the name of the Surviving Corporation as set forth in Article FIRST of the Certificate of Incorporation of the Corporation shall be "Edward C. Rorer & Co., Inc.".

2

**RESOLVED** that subject to the foregoing resolution the Certificate of Incorporation and By-laws of the Surviving Corporation otherwise shall remain unchanged by the Merger and in full force and effect until further amended in accordance with the General Corporation Law of the State of Delaware.

**RESOLVED** that at the Effective Time, by virtue of the Merger and without any action on the part of the holders thereof:

      (i)     Each share of common stock, no par value per share (the "Shares"), of Rorer outstanding immediately prior to the Effective Time shall be canceled and retired without any conversion thereof and no payment or distribution therefor.

      (ii)    Each share of common stock, par value $.01 per share, of the Corporation outstanding immediately prior to the Effective Time shall be converted into and shall thereafter evidence one validly issued, fully paid and nonassessable share of common stock, par value $.01 per share, of the Surviving Corporation.

      (iii)   The directors of the Corporation immediately prior to the Effective Time shall be the initial directors of the Surviving Corporation, each of such directors to hold office, subject to the applicable provisions of the Certificate of Incorporation and By-laws of the Surviving Corporation until their successors shall be duly elected or appointed and shall duly qualify or until their earlier death, resignation or removal in accordance with the Surviving Corporation's Certificate of Incorporation and By-laws.

      (iv)   The officers of the Corporation immediately prior to the Effective Time shall be the initial officers of the Surviving Corporation, each of such officers to hold office, subject to the applicable provisions of the certificate of Incorporation and By-laws of the Surviving Corporation, until their successors shall be duly appointed and shall duly qualify or until their earlier death, resignation or removal in accordance with the Surviving Corporation's Certificate of Incorporation and By-laws.

3

        **RESOLVED** that the proper officers of the Corporation be, and they hereby are, authorized to make and execute a Certificate of Ownership and Merger setting forth a copy of the resolutions to so merge Rorer into the Corporation and the date of adoption thereof, and to cause the same to be filed with the Secretary of State of the State of Delaware and to do all acts and things whatsoever, whether within or without the State of Delaware, which may be necessary or proper to effect said Merger.

        **THIRD:**     The merger of Rorer with and into the Corporation described herein has been approved by the sole stockholder of the Corporation pursuant to 8 Del. C. § 228.

        **FOURTH:**    In accordance with 8 Del. C. §103(d) this Certificate of Ownership and Merger shall become effective upon its filing with the Secretary of State of the State of Delaware.

4

IN WITNESS WHEREOF, the Corporation has caused this Certificate of
Ownership and Merger to be signed by its authorized officer, this 13th day of January 1999.

EAGLE TRANSACTION CORP.

By: _____
Name: Nathaniel Dalton
Title: Vice President

EAGLE TRANSACTION CORP.

Consent in Writing of the Sole Stockholder

January 13, 1999

The undersigned, being the holder of all outstanding shares of Eagle Transaction

Corp. (the "Corporation"), does hereby consent to and adopt the following resolution pursuant to

Section 228 of the General Corporation Law of the State of Delaware:

> RESOLVED, that pursuant to the provisions of Section 253 of the General
> Corporation Law of the State of Delaware, the merger of Edward C. Rorer & Co., Inc., a
> Pennsylvania corporation ("Rorer"), with and into the Corporation (the "Merger") is
> hereby approved in all respects; and each of the proper officers of the Corporation is
> hereby authorized and directed to take, in the name and on behalf of the Corporation, any
> and all action deemed by such officers necessary, convenient or desirable in connection
> with or for the purpose of effecting the Merger.

January 13, 1999

AFFILIATED MANAGERS GROUP, INC.

By:_____

Name: Nathaniel Dalton
Title: Senior Vice President

026007-0002-02482-991DD4HA-CST

Exhibit B

# Delaware

### The First State

PAGE   1

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF AMENDMENT OF "EDWARD C. RORER & CO.,
INC.", CHANGING ITS NAME FROM "EDWARD C. RORER & CO., INC." TO
"AMG NORTHEAST HOLDINGS, INC.", FILED IN THIS OFFICE ON THE
TWENTY-FIFTH DAY OF OCTOBER, A.D. 2004, AT 1:04 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE
NEW CASTLE COUNTY RECORDER OF DEEDS.

Harriet Smith Windson
Harriet Smith Windsor, Secretary of State

2988637   8100

040767439

AUTHENTICATION: 3431958

DATE: 10-25-04



*The First State*

PAGE 1

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THAT THE SAID "EDWARD C. RORER &
CO., INC.", FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME
TO "AMG NORTHEAST HOLDINGS, INC.", THE TWENTY-FIFTH DAY OF
OCTOBER, A.D. 2004, AT 1:04 O'CLOCK P.M.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

2988637  8320

040767439

AUTHENTICATION: 3431959

DATE: 10-25-04

CERTIFICATE OF AMENDMENT
OF
CERTIFICATE OF INCORPORATION
OF
EDWARD C. RORER & CO., INC.


Edward C. Rorer & Co., Inc., a corporation duly organized and existing under and by virtue of the General Corporation Law of the State of Delaware,

DOES HEREBY CERTIFY:

FIRST: That the Board of Directors of said corporation, adopted a resolution proposing and declaring advisable the following amendment to the Certificate of Incorporation of said corporation by the unanimous written consent of its members, filed with the minutes of the Board:

> RESOLVED, that the Certificate of Incorporation of Edward C. Rorer & Co., Inc., a Delaware corporation, be amended by changing the First Article thereof so that, as amended, said Article shall be and read as follows:

> "The name of the corporation is AMG Northeast Holdings, Inc."

SECOND: That in lieu of a meeting and vote of stockholders, the sole stockholder has given unanimous written consent to said amendment in accordance with the provisions of Section 228 of the General Corporation Law of the State of Delaware.

THIRD: That the aforesaid amendment was duly adopted in accordance with the applicable provisions of Sections 242 and 228 of the General Corporation Law of the State of Delaware.

FOURTH: That this Certificate of Amendment of the Certificate of Incorporation shall be effective on October 25, 2004.

IN WITNESS WHEREOF, said Corporation has caused this Certificate of Amendment of Certificate of Incorporation to be signed by John Kingston, III, its Vice President and Secretary, this 25th day of October, 2004.

EDWARD C. RORER & CO., INC.

By: _____
      John Kingston, III, Vice President and Secretary

# Delaware

PAGE 1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "RORER ASSET MANAGEMENT, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-FIFTH DAY OF APRIL, A.D. 2005.



Harriet Smith Windsor, Secretary of State

2963678    8300

050331231

AUTHENTICATION: 3835387

DATE: 04-25-05

# Delaware

PAGE  1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "AMG NORTHEAST HOLDINGS, INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-FIFTH DAY OF APRIL, A.D. 2005.



Harriet Smith Windsor, Secretary of State

2988637  8300

050331231

AUTHENTICATION:  3835386

DATE:  04-25-05