UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFFILIATED MANAGERS GROUP, INC. : | CIVIL ACTION NO. 05 CV 10641-MLW |
| Petitioner, : | |
| v. : | |
| FRANK M. NATALE : | |
| Respondent. : | May 4, 2004 |

**PETITIONER'S RESPONSE TO COURT ORDER REGARDING MAY 9, 2005
HEARING AND RESPONDENT'S PROPOSED WITNESSES**

Petitioner, Affiliated Managers Group, Inc. ("AMG"), by its attorneys, Jackson Lewis LLP, responds to this Court's order dated April 21, 2005 and Respondent's response to same filed April 29, 2005 as follows:

1. Respondent has withdrawn his jury demand and "is content with the Court resolving all factual and legal disputes applicable to pending motions." (Doc. # 22.) Accordingly, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Petitioner respectfully submits the Court can reach this determination on the face of the agreements and compel the parties to arbitration absent witness testimony.

2. Petitioner objects to the Respondent's proposed testimony of Thomas Rees, counsel for Respondent in the Pennsylvania state court action, since Attorney Rees can offer no relevant testimony regarding the making of the arbitration agreement. Should the Court require witness testimony, however, Petitioner intends to offer the testimony of John Kingston, III and/or Lewis Collins of AMG, regarding the only issues before this court, i.e., the making of the arbitration agreement and Respondent's failure to comply therewith.

3. This Court's order indicates it will address Respondent's Motion to Dismiss on May 9, 2005. (Doc. # 19, ¶ 3.) Petitioner has conclusively demonstrated by its pleadings filed to date that it is 100% owner of AMG Northeast Holdings, Inc., a <u>Delaware</u> corporation (formerly known as Edward C. Rorer & Co., Inc.), which has been and continues to be a <u>Delaware</u> corporation since January 15, 1999. As such, even if this Court joins the former Edward C. Rorer & Co., Inc. as suggested by Respondent as a necessary or indispensable party, complete diversity would exist among the joined parties and Respondent's subject matter jurisdiction argument fails, as a matter of law. Petitioner respectfully submits Respondent should withdraw his Motion to Dismiss and/or the Court should deny the motion on that basis.

4. Respondent misstates this Court's order, since it does not state, implicitly or otherwise, that the Court will evaluate "in the exercise of its discretion, whether to abstain from hearing this case given the prior matter pending in the state court in Pennsylvania." (Doc. # 22, ¶ 4; <u>compare</u>, Doc. # 19.) Petitioner further objects to Respondent's proposed testimony of Thomas Rees, regarding proposed issues of the nature of the Pennsylvania state court action, its procedural history and its current status, in support of Respondent's abstention arguments. This Court may take judicial notice of the documents and pleadings filed to date in the Pennsylvania state court action. The proposed testimony of Attorney Rees on those issues, therefore, is irrelevant and unnecessary.

5. Respondent erroneously contends this Court should determine whether Petitioner has a lawful right to enforce the agreements as it never acted as Respondent's employer, among other defenses that have been briefed in his submissions. (Doc. # 22, ¶ 5.) Any such defenses are respectfully not for this Court to decide, but should be left for the Arbitrator. Respondent's further proposed testimony regarding the scope of his duties and responsibilities for his employer, the scope of the Non-Solicitation Agreement, and the nature of his current

2

competitive employment with Brandywine Asset Management, LLC, is inappropriate, since it is irrelevant to the sole issues before this Court, the making of the arbitration agreement and Respondent's failure to comply therewith.

It is Respondent's refusal to arbitrate that has caused litigation in three separate forums, the precise circumstance that the arbitration agreement and the Federal Arbitration Act seek to avoid. This Court, therefore, should restore the status quo and enter an order compelling the parties to arbitration under the auspices of the American Arbitration Association ("AAA") in Boston, Massachusetts.

Respectfully submitted,

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.


By: /s/ Joan Ackerstein
_____
Joan Ackerstein BBO# 348220
Samia M. Kirmani BBO# 634699
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Tel. (617) 367-0025
Fax (617) 367-2155
Email: ackersteinj@jacksonlewis.com
Email: kirmanis@jacksonlewis.com
    - and -
A. Robert Fischer
*Admitted Pro Hac Vice*
JACKSON LEWIS LLP
177 Broad Street, 8th Floor
Stamford, CT 06904-0251
Tel. (203) 961-0404
Fax (203) 324-4704
Email: fischera@jacksonlewis.com
ITS ATTORNEYS

3