UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AFFILIATED MANAGERS GROUP, INC. : | CIVIL ACTION NO. 05 CV 10641-MLW |
| Petitioner, : | |
| v. : | |
| FRANK M. NATALE : | |
| Respondent. : | May 18, 2005 |

**PETITIONER'S ASSENTED TO MOTION FOR LEAVE TO FILE
SUR-REPLY BRIEF IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**

Pursuant to Local Rule 7.1(b)(3), Petitioner, Affiliated Managers Group, Inc., by its attorneys, Jackson Lewis LLP, respectfully seeks leave to file a short sur-reply brief in response to Respondent's reply brief (Doc. # 26) and in opposition to Respondent's motion to dismiss. (Doc. # 17.) Petitioner seeks leave to contradict Respondent's unsupported and erroneous conclusion that Former Pennsylvania Corporation (as defined in Petitioner's opposition to motion to dismiss, Doc. # 23, p. 5), is incorporated in two states, since it is black letter law that if two corporations merge under Delaware law, the citizenship of the surviving company is controlling for diversity purposes.

In addition, Petitioner seeks leave to respond to Respondent's reply argument (which was not specifically raised in his motion to dismiss (Doc. # 17)), that the principal place of business of Rorer Asset Management, LLC ("RAM") in Conshohocken, Pennsylvania

destroys diversity jurisdiction. As described in Petitioner's sur-reply brief and in Petitioner's opposition to motion to dismiss, RAM is not a necessary and indispensable party, nor has Respondent demonstrated that RAM is a necessary and indispensable party, for this Court to determine whether Petitioner has been aggrieved by Respondent's refusal to arbitrate. As such, the principal place of business of RAM is immaterial to this Petition and does not destroy diversity jurisdiction.

      WHEREFORE, Petitioner respectfully seeks leave to file its Sur-reply Brief attached hereto as Exhibit A.

## CERTIFICATE OF CONFERENCE

On May 18, 2005, Samia Kirmani, attorney for Petitioner, conferred with J. Owen Todd, Esq. of Todd & Weld LLP, who has assented to the filing of this Motion.

Respectfully submitted,

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.

By:   /s/ Joan Ackerstein
      _____
      Joan Ackerstein BBO# 348220
      Samia M. Kirmani BBO# 634699
      JACKSON LEWIS LLP
      75 Park Plaza, 4th Floor
      Boston, MA 02116
      Tel. (617) 367-0025
      Fax (617) 367-2155
      Email: ackersteinj@jacksonlewis.com
      Email: kirmanis@jacksonlewis.com

      - and -

      A. Robert Fischer
      *Admitted Pro Hac Vice*
      JACKSON LEWIS LLP
      177 Broad Street, 8th Floor
      Stamford, CT 06904-0251
      Tel. (203) 961-0404
      Fax (203) 324-4704
      Email: fischera@jacksonlewis.com
      ITS ATTORNEYS

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AFFILIATED MANAGERS GROUP, INC. | : | CIVIL ACTION NO. 05 CV 10641-MLW |
| Petitioner, | : | |
| v. | : | |
| FRANK M. NATALE | : | |
| Respondent. | : | May 18, 2005 |

### PETITIONER'S SUR-REPLY BRIEF
### IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

Pursuant to Local Rule 7.1(b)(3), Petitioner, Affiliated Managers Group, Inc., by its attorneys, Jackson Lewis LLP, respectfully submits this response to Respondent's reply brief in support of his motion to dismiss (Doc. # 26) and in opposition to Respondent's motion to dismiss. (Doc. # 17.) Petitioner similarly limits its comments to two points.

1. It is black letter law that if two corporations merge under Delaware law, the citizenship of the surviving company is controlling for diversity purposes. See Caciolo v. American Aluminum & Insulation Co. of Bethlehem, Inc., 2004 U.S. Dist. LEXIS 11804 (E.D. Pa. 2004) (citing 8 Del. C. 1953, § 259) (surviving corporation from merger created compete diversity); Exxon Corp. v. Duval Country Ranch Co., 406 F. Supp. 1367 (D.C. Tex. 1975) (when two corporations merge, it is the place of business of the surviving entity that is critical for purposes of 28 U.S.C. § 1332(c)); see also 13B Wright, Miller & Cooper, Federal Practice and

Procedure, § 3624, n. 22 (2d. ed.) The <u>Caciolo</u> court, citing <u>Delaware</u> law, held "the effect of a merger is that the companies become one corporation and the rights and obligations of each of the constituent corporations continues to exist under the one surviving corporation." <u>Caciolo, supra</u> at * 2 (<u>citing</u> 8 Del. C. 1953, § 259.) Indeed, by operation of Delaware General Corporation Law, the existence of Former Pennsylvania Corporation (as defined in Petitioner's opposition to motion to dismiss, Doc. # 23, p. 5), has been extinguished:

> **§ 259. Status, rights, liabilities, of constituent and surviving or resulting corporations following merger or consolidation.**
>
> (a) When any merger or consolidation shall have become effective under this chapter, for all purposes of the laws of this State <u>the separate existence of all the constituent corporations</u>, or of all such constituent corporations except the one into which the other or others of such constituent corporations have been merged, as the case may be, <u>shall cease and the constituent corporations shall become a new corporation, or be merged into 1 of such corporations</u>, as the case may be, possessing all the rights, privileges, powers and franchises as well of a public as of a private nature, and being subject to all the restrictions, disabilities and duties of each of such corporations so merged or consolidated

8 Del. C. 1953, § 259 (emphasis added).

Petitioner has demonstrated that at all times relevant to this action, Former Pennsylvania Corporation had been merged with and into and, as a result of that merger, has continued to exist as a <u>Delaware</u> corporation, now known as "AMG Northeast Holdings, Inc." (hereinafter referred to as "AMG Holdings Company") (Doc. # 23, pp. 5-6). Moreover, it is <u>undisputed</u> that AMG Holdings Company maintains a principal place of business in Prides Crossing, MA. (Doc. # 23, p. 6.) Respondent has cited no authority in support of the proposition that Former Pennsylvania Corporation is incorporated in <u>two</u> states for purposes of diversity

jurisdiction (Doc. # 26), nor is Petitioner aware of any such authority. Thus, under Delaware General Corporation Law, 8 Del. C. 1953, § 259, this Court must reject Respondent's argument that Former Pennsylvania Corporation, now AMG Holdings Company, is incorporated in two states.

        2.    Respondent's reply argument (which was not specifically raised in his motion to dismiss (Doc. # 17)), that the principal place of business of Rorer Asset Management, LLC ("RAM") in Conshohocken, Pennsylvania destroys diversity jurisdiction, must fail, since RAM is neither a necessary nor indispensable party to this Petition. See Micheel v. Haralson, 586 F. Supp. 169, 171 (E.D. Pa.1983) (rejecting argument that other non-diverse signatories to an agreement to purchase shares of stock were indispensable parties under Rule 19(a)(2)(ii)); Isdaner v. Beyer, 53 F.R.D. 4 (E.D. Pa. 1971) (absent non-diverse partners on an employment contract were adequately represented by diverse partners who were made parties and were not to be regarded as indispensable under Rule 19(b)).

        Petitioner has demonstrated pursuant to Section 4 of the FAA that it is the only necessary and indispensable party, since it is the party that has been aggrieved by Respondent's refusal to arbitrate as required by the binding arbitration agreements between Petitioner and Respondent. (Doc. # 23, p. 8.) RAM is neither a necessary nor indispensable party to this Petition, since Petitioner initiated the Arbitration (as defined in Petitioner's opposition to motion to dismiss, Doc. # 23, p. 2) on its behalf and on behalf of RAM, an entity in which Petitioner serves indirectly as its manager member. (Doc. # 23, p. 9.)

Respondent's attempt to destroy diversity jurisdiction by joining RAM should be rejected by this Court, since any such ruling would eliminate the availability of federal courts to enforce arbitration clauses in diversity cases under the FAA. See PaineWebber, Inc. v. Cohen, 276 F. 3d 197, 205 (6th Cir. 2001) ("Any ruling [joining an indispensable party] would virtually eliminate the availability of federal courts to enforce arbitration clauses in diversity cases by the simple expedient of one of the parties filing a preemptive suit in state court with at least one non-diverse defendant.") Such a ruling would also be in contravention of Petitioner's and Respondent's clear intent with respect to venue, namely their consent to the jurisdiction of this Court as reflected in their binding agreements. This Court, therefore, should conclude that RAM is neither a necessary nor an indispensable party to this Petition, and accordingly the Court should compel arbitration and proceed with Petitioner as the original litigant.

WHEREFORE, Petitioner respectfully requests this Court deny Respondent's motion to dismiss.

Respectfully submitted,

PETITIONER,
AFFILIATED MANAGERS GROUP, INC.


By:_____
    Joan Ackerstein BBO# 348220
    Samia M. Kirmani BBO# 634699
    JACKSON LEWIS LLP
    75 Park Plaza, 4th Floor
    Boston, MA 02116
    Tel. (617) 367-0025
    Fax (617) 367-2155
    Email: ackersteinj@jacksonlewis.com
    Email: kirmanis@jacksonlewis.com

        - and -

    A. Robert Fischer
    *Admitted Pro Hac Vice*
    JACKSON LEWIS LLP
    177 Broad Street, 8th Floor
    Stamford, CT 06904-0251
    Tel. (203) 961-0404
    Fax (203) 324-4704
    Email: fischera@jacksonlewis.com
    ITS ATTORNEYS